## ROGERS vs. WEIL and others.

In an action to foreclose a mortgage given by a husband and wife to secure the payment of their bond (executed by her during coverture), it is erroneous to render a personal judgment against the wife as well as the husband, for any deficiency which may remain due after the sale of the mortgaged premises, unless it is shown in the complaint that the contract related to her separate property, and was one upon which she might become liable to a personal judgment.

That part of the judgment of the inferior court, which is against the wife personally for such deficiency, may be reversed, and the residue of the judgment be affirmed.

APPEAL from the Circuit Court for *Milwaukee* County. The case is stated in the opinion of the court.
*Coon, Buchan & Cotton,* for appellants.
*James S. Brown,* for respondent.

November 19.   *By the Court,* COLE, J.   This was an action to foreclose a mortgage.   The mortgage was executed by *Eliza Adelaide Wiel* and *Baruch S. Weil,* to secure the payment of a certain bond in the penal sum of thirty-five thousand dollars, conditioned, &c., given by them to the respondent.   The complaint represents that *Eliza A.* and *Baruch S.* were husband and wife at the commencement of the action.   *Mrs. Weil* made default.   Judgment of foreclosure and sale was rendered, and also a judgment against *Mrs. Weil* and her husband, for any deficiency the sheriff might report due after the sale of the mortgaged premises.   And the only question we have to consider is, whether a personal judgment could be taken against *Mrs. Weil,* for any deficiency which might be found due after the application of the proceeds of the sale.

June Term, 1860.

ROGERS
v.
WEIL et al.

We suppose it could not. In the case of *Wooster vs. Northrup et al.*, 5 Wis., 245, this court decided that the act of the legislature entitled "an act to provide for the protection of married women in the enjoyment of their own property," did not relieve the wife during coverture from her disability at common law to make contracts in such a manner as to become liable to a personal action upon them. This decision has been very much shaken, if not overruled, by the case of *Conway vs. A. Hyatt Smith et al.*, decided at the present term, in which a majority of the court held that a married woman may contract in respect to the improvement and management of her own property, and render herself liable to a personal action upon such contracts. I felt constrained to dissent from the opinion in that case, for reasons not necessary to be stated here. Still, at best, we all think that a party ought not to have a personal action upon a contract made by a married woman during her coverture, without showing in the complaint that the contract related to her own separate property, and was one upon which she might become liable to a personal judgment. This not being done in the complaint in this case, it was erroneous to take a personal judgment against *Mrs. Weil* for any deficiency.

The counsel for the respondent contends that it nowhere appears in the case that *Eliza Adelaide* and *Baruch S. Weil* were baron and feme at the time they executed the bond and mortgage. But this is a mistake as to what does really appear upon the record. The bond and mortgage both set forth that they are made by "*Eliza Adelaide Weil* and *Baruch S. Weil, her husband,* both of," &c., showing clearly that they were married at the time these instruments were executed.

So much of the judgment of the circuit court as gives a personal judgment againt *Mrs. Weil* for any deficiency, must be reversed, and the judgment of the circuit court, in all other respects, is affirmed.