KAVANAGH and another vs. O'NEILL, imp.

*September 27 — October 18, 1881.*

MARRIED WOMAN: *(1) As accommodation maker of note: liable only in equity. (2) Proof of intent to charge her separate estate.*
AMENDMENT OF COMPLAINT: *(3) Changing legal to equitable action.*

| | |
|---|---|
| 53 | 101 |
| 74 | 586 |
| 53 | 101 |
| 95 | 382 |
| 53 | 101 |
| 107 | 200 |
| 53 | 101 |
| 111 | 1 46 |
| 53 | 101 |
| 116 | 57 |

1. A note for the debt of another, signed by a married woman merely as surety or accommodation maker, cannot be enforced against her in an action *at law.*
2. Whether in a suit in equity the court may infer an intent to charge her separate estate from the mere fact of her having executed such contract, *quære.*
3. It is error to allow an amendment of the complaint changing the action from one at law to one in equity, against defendant's objection.

APPEAL from the County Court of *Milwaukee* County.

Action on a promissory note, dated July 28, 1880, executed by Thomas O'Neill, Jasper Grisim and *Mary R. O'Neill*, and payable to the plaintiffs. The complaint alleged the execution and delivery of the note, its non-payment, and that plaintiffs were the owners and holders thereof, and asked judgment for the amount. *Mary R. O'Neill* answered that she was at the time of making the note, and still continued to be, a married woman, living with her husband in this state; that the note was not given for her own use or benefit, nor for the use or benefit of, or in reference to, her separate estate, and that in giving it she did not intend to charge such estate with its payment; that as to her it was without consideration; that it was given for a demand against Jasper Grisim for goods sold by plaintiffs to him for his own use and benefit; and that the claim against Grisim was not extinguished on the delivery of the note, nor was there any agreement then made to give him further time, nor did plaintiffs part with value or relinquish any security on the faith of said note.

The cause was tried by the court alone. Shortly before the close of the argument, plaintiffs were permitted, against de-

fendants' objection, to amend the complaint by inserting averments to the effect that *Mrs. O'Neill*, in executing the note, intended to charge and did charge her separate estate with its payment; and also by adding a prayer for a further judgment charging said estate with the amount.

The court found, among other things, that the note was given to plaintiffs in payment and satisfaction of a note past due, executed to them by the defendants Thomas O'Neill and Jasper Grisim, for a quantity of coal sold and delivered by plaintiffs to them; that *Mrs. O'Neill* signed the note on demand of the plaintiffs and at the request of her co-defendants, as surety for them and to give credit to the note, and with full knowledge of the object thereof; and that when *Mrs. O'Neill* signed said note, she intended thereby to charge, and did charge, her separate estate for the payment thereof. From a judgment for plaintiffs in accordance with these findings, *Mrs. O'Neill* appealed.

*R. K. Adams*, for the appellant:

1. Under our statute known as the married woman's act, the contracts of a maried woman are valid in law only when they are made for the use, enjoyment or protection of her separate estate, or for the benefit of the same, or for her own use or benefit, or in carrying on business in her own name, or in the purchase of a separate estate. All other contracts of a married woman are void now, as they were at common law, and cannot be enforced at law or in equity. *Wooster v. Northrup*, 5 Wis., 245; *Conway v. Smith*, 13 id., 126; *Todd v. Lee*, 15 id., 365; *Todd v. Lee*, 16 id., 480; *Leonard v. Rogan*, 20 id., 540; *Beard v. Dedolph*, 29 id., 136; *Dayton v. Walsh*, 47 id., 113. And such is substantially the doctrine of many other states. [Counsel cited cases from New York, Massachusetts, Rhode Island, Indiana, Illinois, Michigan, Maryland and Alabama.] 2. *Mrs. O'Neill* was merely a surety. "The obligation of a surety is *stricti juris*, and, if his contract is not binding at law, there is no liability in equity founded on

the consideration between the principal parties. A court of equity will not enforce a liability upon a surety where he is not held at law. This principle, governing the rights of sureties in general, is equally applicable to the case of a married woman having a separate estate, who has entered into a contract for her husband or some third person." *Leffingwell v. Freyer*, 21 Wis., 392; *Yale v. Dederer*, 18 N. Y., 276. 3. The burden of proof was on the plaintiffs to show a charge upon *Mrs. O'Neill's* separate estate, and no such proof was given. A charge upon a married woman's estate can be made only by her express act creating such charge, by a contract wholly written or wholly oral, or partly written and partly oral, and sufficiently indicating her intention to do so. The note in suit does not charge the appellant's estate by its terms, nor by implication. The appellant is not estopped by the execution of the note from claiming that she did not intend to charge her separate estate, nor from showing that the note was not given for the benefit of such estate and that it was void as to her. *Merriam v. B., C. & F. Railroad Co.*, 117 Mass., 244; *Lowell v. Daniels*, 2 Gray, 161; *Pierce v. Chace*, 108 Mass., 254; *Keen v. Coleman*, 39 Pa. St., 299; *Goulding v. Davidson*, 26 N. Y., 604.

For the respondents there was a brief by *Markham & Noyes*, and oral argument by *Mr. Noyes*. They contended, among other things, 1. That there was sufficient parol evidence, introduced by the appellant herself, of the facts and circumstances attending the signature of the note, in addition to what appeared from the instrument itself, to show the appellant's intent to charge her separate estate. 2. That as the appellant signed the note freely, upon the demand of the plaintiffs and on the request of her co-defendants, with full knowledge that it was designed as a security to the plaintiffs, and was received by them on the credit of her signature and her separate estate, she was estopped to deny her liability. *Godfrey v. Thornton*, 46 Wis., 677; *Norton v. Nichols*, 35

Mich., 148, and cases there cited; *Taddiken v. Cantrell,* 69 N. Y., 597; *Bodine v. Killien,* 53 id.; 93; *Anderson v. Mather,* 44 id., 249, 262; *Shivers v. Simmons,* 54 Miss., 520. 3. That the execution of the note was presumptive evidence of an intention on the appellant's part to charge her separate estate with its payment. 2 Story's Eq. Jur., §§ 1,400; 1 Bishop on M. W., §§ 843–6; Schouler's Dom. Rel., 230; *Williams v. Urmston,* 35 Ohio St., 296; *Cowles v. Morgan,* 34 Ala., 535; *Met. Bank v. Taylor,* 62 Mo., 338; *Deering v. Boyle,* 8 Kansas, 525; *Wicks v. Mitchell,* 9 id., 80; *Jarman v. Wilkerson,* 7 B. Mon., 293; *Bell v. Kellar,* 13 id., 381; *S. Manuf'g Co. v. Harned,* Ct. of App. of Ky., Feb., 1881; *Todd v. Lee,* 15 id., 365; *Burnett v. Hawpe's Ex'r,* 25 Gratt., 481; *Murray v. Barlee,* 3 Myl. & K., 209; *Owens v. Dickinson,* Cr. & Phill., 56; *Picard v. Hine,* L. R., 5 Ch. App., 274; *Davies v. Jenkins,* L. R., 6 Ch. Div., 728. As to the doctrine of *Yale v. Dederer,* 18 N. Y., 265, and 22 id., 450, see *Todd v. Lee, supra,* and the language of Chief Justice CHURCH in *Yale v. Dederer,* 68 N. Y., 335.

CASSODAY, J. The note in suit was given in renewal of a note past due, executed by Thomas O'Neill and Jasper Grisim to the respondents, for a quantity of coal sold and delivered by them to Grisim, to be used in his distillery. At the time of its execution, the appellant, *Mrs. O'Neill,* was the wife of Thomas O'Neill, and had a separate estate; and it is claimed that the court had the right to infer, as it did, that she intended to charge that estate with the payment of the note, from the mere fact that she signed the same as surety, or accommodation maker, at the request of the respondents through her husband. The question whether such claim is well founded, is not necessarily here involved. The question here to be determined is, whether the remedy for enforcing payment of such contract of suretyship is by an action at law or by bill in equity. In *Todd v. Lee,* 15 Wis., 380, this court

held that " the contracts of a married woman, when necessary or convenient to the proper use and enjoyment of her separate estate, are binding at law. *Conway v. Smith*, 13 Wis., 125. All her other engagements stand as before the passage of the statute, good only in equity. The change from an equitable to a legal estate has not, with respect to them, enlarged her powers, or removed the disability of coverture; but she remains as if still possessed of an estate in equity, without restriction as to her power of disposition." This distinction between contracts by a married woman, as enforceable by an action at law or in equity, has repeatedly received the sanction of this court. *Krouskop v. Shontz*, 51 Wis., 204, and cases there cited. In commenting upon *Conway v. Smith* and *Todd v. Lee*, it was there stated that " the court . . . did not go to the extent of holding that the statute gave to a married woman an unlimited power of contracting, and that all her contracts were enforceable by action at law, but only that a limited power of contracting was conferred by the statute, and that such contracts as came within the limitation could be enforced by legal remedies, in contradistinction to equitable." Page 208. And again, on page 217, it is said that " the object of the statute, obviously, was not to enable her to do in equity what she could do before, but rather to *partially* restore to her that power and individuality which, in the eyes of the law, she had lost by entering into the marriage relation. It enabled her to dispense with trustees and indirect and complicated methods of business, and, *within the scope of the statute*, to act for herself and in her own name by simple and direct methods, which are recognized in courts of law, in all respects as if she were unmarried. *Within the limitation of the statute*, the law applicable to unmarried women is thereby made applicable to married women. The theory of the statute is not so much a creation of power which she never possessed, *as a partial restoration* of the power which she is supposed to have lost."

The difficulty here is, that the facts do not bring the case within the limitation of the statute, and hence the power to bind herself at law, which *Mrs. O'Neill* lost by entering into the marriage relation, was not restored to her by the statute. Since neither *Mrs. O'Neill* nor her separate estate was in any way interested in or connected with the coal or its purchase, but her signature to the note was given merely as surety or accommodation maker for another, it is quite obvious that the contract was not such as she was enabled by the statute to make, and hence is enforceable, if at all, only in equity. Whether a court of equity may infer an intent to charge her separate estate from the mere fact of her signing the note as surety or accommodation maker, is a question which we reserve until it is squarely presented. Such intent has been inferred by the courts of Kansas, Missouri, and perhaps some others, as shown in *Krouskop v. Shontz;* but whether we should be inclined to follow them, is a question upon which we intimate no opinion. See *Cramer v. Hanaford, ante,* p. 85. Here, at the close of the evidence and arguments of counsel, the trial court allowed an amendment of the complaint, changing the action from one at law to an action in equity. Counsel for respondent seem to think that the amendment did not have that effect, but we are inclined to think that was its purpose. The allowance of the amendment against the objection of the defendant was clearly error, and the exceptions to it are sustained by the repeated decisions of this court. *Carmichael v. Argard,* 52 Wis., 607, and cases there cited.

*By the Court.*— The judgment of the county court is reversed, and the cause is remanded with directions to dismiss the complaint.