GAYNOR, Respondent, vs. BLEWETT, imp., Appellant.

*November 8 — November 28, 1893.*

*Mortgages: Foreclosure: Order for judgment for deficiency: Appeal: Married women.*

1. That part of a judgment of foreclosure which orders a personal judgment for any deficiency after sale of the mortgaged premises, is appealable.
2. Although a married woman joined with her husband in executing a note and mortgage, there should be no judgment against her for any deficiency on foreclosure of the mortgage, unless she signed the note on account of her separate property or to charge the same.

APPEAL from the Circuit Court for *Winnebago* County.

Action to foreclose a mortgage.   The facts are stated in the opinion.

*Maurice McKenna*, for the appellant, to the point that judgment against the appellant for a deficiency would not be proper, cited *Brown v. Kennicott*, 30 Ill. App. 89; *Mack*

*v. Austin*, 29 Hun, 534; *McKeon v. Hagan*, 18 id. 65; *Life Asso. of Am. v. Lessler*, 19 Alb. Law J. 399; *Manhattan L. Ins. Co. v. Glover*, 14 Hun, 153; *Emmett v. Yandes*, 60 Ind. 548; *Avery v. Vansickle*, 35 Ohio St. 270; *Munson v. Dyett*, 56 How. Pr. 333; *Heburn v. Warner*, 112 Mass. 271; *Kitchell v. Mudgett*, 37 Mich. 81; 1 Black, Judgm. sec. 119, and notes 21, 28; *Gould v. McFall*, 111 Pa. St. 66; *Jones v. Merritt*, 23 Hun, 184; *Mack v. Austin*, 95 N. Y. 513.

*Geo. E. Sutherland*, for the respondent.

ORTON, J. This is an appeal by *Margaret R. Blewett* from the judgment of foreclosure against Edmund Blewett and herself, to reverse that part of the same which orders a personal judgment against her for any deficiency. The said *Margaret*, the appellant, set up in her answer that at the time she joined with the said Edmund Blewett in the execution of said note and mortgage she was a married woman and the wife of said Edmund Blewett, and the plaintiff admitted the same. There is no allegation in the complaint that she signed said note on account of her separate property or estate, or to charge the same, or that she had any separate estate. The plaintiff, however, asks in her complaint that such an order be made a part of the judgment of foreclosure. The statute (sec. 3156, R. S.) requires that judgment for the deficiency *shall be ordered* in the original judgment. The order is a necessary part of the judgment of foreclosure, and it is a final adjudication of the defendant's common-law liability for the debt. The formal judgment is rendered and docketed as of course, on the coming in and confirmation of the report of sale showing the amount of the deficiency. It is contended by the learned counsel of the respondent that this part of the judgment is not appealable, and that the appellant should have waited until the rendition of the final judgment. There appears no good reason why the defendant may not

Gaynor vs. Blewett.

appeal from the judgment, and try to get rid of this adjudication of her personal liability for the debt, before such formal judgment is rendered. As an independent order it is appealable, because it involves a part of the merits of the action. R. S. sec. 3069. The case of *Rogers v. Weil*, 12 Wis. 664, is in point, both as to appealability of this part of the judgment and the error of it as against a married woman, as in this case. In that case the order is called "a judgment for any deficiency the sheriff. *might* report due after the sale." This language shows that it was not the judgment after the sheriff *has* reported the deficiency, but for the deficiency he *might* report in the future. It is clearly the same judgment appealed from as in this case. The judgment of this court in that case shows it even more clearly, viz.: "So much of the judgment of the circuit court *as gives* a personal judgment, etc., must be reversed, and the judgment *in all other respects* is affirmed." It was also held in that case "that the plaintiff ought not to have a personal judgment against the wife in such a case without showing in the complaint that the contract signed by her related to her own separate property and was one upon which she might become liable to a personal judgment." In *T. T. Haydock Carriage Co. v. Pier*, 74 Wis. 582, it was held "that a married woman is liable on her personal contracts only when they relate to her individual and separate property." In *Reinig v. Hecht*, 58 Wis. 212, the appeal, as here, was from the judgment of foreclosure to reverse a similar order for a personal judgment. It was held "that to justify an order for a personal judgment the personal liability of the defendant must be shown." The power of a married woman to bind herself at law is limited. to such contracts and engagements as are necessary or convenient to the use and enjoyment of her separate estate. *Fuller & Fuller Co. v. McHenry*, 83 Wis. 573; *Todd v. Lee*, 15 Wis. 365; *Beard v. Dedolph*, 29 Wis. 136. This principle is too

well established by our own decisions to be questioned, or to look elsewhere for authorities. The appeal is limited to that part of the judgment of foreclosure which orders the personal judgment against the appellant, *Margaret R. Blewett.* That part of the judgment is clearly erroneous.

*By the Court.*— That part of the judgment of foreclosure of the circuit court which orders that, if the proceeds of such sale be insufficient to pay the amount aforesaid, a personal judgment be rendered against the defendant *Margaret R. Blewett* for the amount of such deficiency upon the filing and confirmation of the sheriff's report of the sale, is reversed, and the judgment otherwise is affirmed, and the case remanded for further proceedings.