Mueller vs. Wiese.

MUELLER, Appellant, vs. WIESE, Respondent.

*February 6 — February 23, 1897.*

*Married women, contracts by.*

1. In the absence of an enabling act, the contracts of a married woman are cognizable only in equity. Except as affected by the so-called "married women's act" (secs. 2342–2345, R. S.), such contracts cannot be enforced at law.
2. By the provisions of that statute, only contracts which relate to or are necessary or convenient for the use and enjoyment of a married woman's separate estate, or the carrying on of her separate business, or which relate to her personal services, can be enforced at law. An action at law is not, therefore, maintainable against a married woman on a note signed by her solely as surety for her husband.

APPEAL from a judgment of the circuit court for Dane county: R. G. SIEBECKER, Circuit Judge. *Affirmed.*

Defendant signed a judgment note as surety for her husband. Judgment was rendered thereon. Thereafter, on affidavits and a verified answer, she moved the court to set the judgment aside, and for leave to defend, which motion was granted. The action was thereafter tried by the court, a jury trial having been waived. The trial judge found, in substance, that the defendant, on the 21st day of August, 1890, executed the note in suit as surety for her husband, John Wiese, now deceased; that the consideration for the note was an antecedent debt of the husband, due and owing when the note was given; that at the time of such execution defendant was the beneficiary named in a benefit certificate of membership in the Northwestern Mutual Relief Association, issued to her husband; that at such time she promised and agreed that, in case of nonpayment of the note during the life of her husband, the proceeds of the insurance certificate should be applied for that purpose, and that plaintiff relied upon such promise, and incurred further obligations

for the benefit of the husband, not, however, embraced in the note; that defendant had no separate estate, business, or property, other than her interest in such benefit certificate. On such facts the trial court concluded as a matter of law that the defendant was not liable in this action, and ordered judgment accordingly, from which judgment this appeal was taken.

*John C. Fehlandt,* attorney, and *Burr W. Jones,* of counsel, for the appellant, contended that the wife in signing the note intended to and did charge her separate estate. *Archibald v. Mut. L. Ins. Co.* 38 Wis. 542, 545; *Krouskop v. Shontz,* 51 id. 204, 217; *Messer v. Smyth,* 58 N. H. 298; *Marlow v. Barlew,* 53 Cal. 456; *Wood v. Orford,* 52 id. 412; *Kenworthy v. Sawyer,* 125 Mass. 28; *Houghton v. Milburn,* 54 Wis. 554, 563. She had an interest in the insurance and intended to charge it with this debt. *Nelson v. McDonald,* 80 Wis. 605, 607.

For the respondent there was a brief by *Bashford, O'Connor & Aylward,* and oral argument by *R. M. Bashford.*

MARSHALL, J. This is an action at law to charge a married woman on a note signed by her solely as surety for her husband. It did not concern her separate property or business. She had no such business, and no separate property except a beneficial interest in a policy of insurance on her husband's life, made her separate property by ch. 376, Laws of 1891. It is not like *Krouskop v. Shontz,* 51 Wis. 204, where the contract pertained to the business of the person sought to be charged. In such a case it was there held that such person, though a married woman, is liable at law whether the contract be written or oral, or part one and part the other. This case is identical with *Kavanagh v. O'Neill,* 53 Wis. 101, where the court distinctly held that a note for the debt of another, signed by a married woman merely as surety or accommodation for such other, cannot.

be enforced against her in an action at law. That is conclusive of the question here raised. The reasons for the rule are clearly shown in *Krouskop v. Shontz*, in an exhaustive opinion by the present chief justice, in which all the adjudications of this court up to that date are collated and commented upon. Such rule may be stated in short thus: In the absence of an enabling act, the contracts of married women are cognizable only in equity. Therefore, except as varied by the married women's act, so called, of this state (secs. 2342–2345, R. S.), such contracts cannot be enforced at law. The scope of such statutes only includes contracts necessary or convenient for the use and enjoyment of a married woman's separate estate, or the carrying on of her separate business, or in relation to her personal services. They have no relation whatever to contracts solely of suretyship for debts of others. *Emerson-Talcott Co. v. Knapp*, 90 Wis. 35. As to such contracts, the rights and remedies of married women are governed by the common law. Whether the defendant can be held liable on the facts in a suit in equity to charge her separate property with the debt is not before us, therefore not decided.

*By the Court.*— The judgment of the circuit court is affirmed.