Gallagher vs. Mjelde.

GALLAGHER, Respondent, vs. MJELDE, Appellant.

*February 8 — March 1, 1898.*

*Married women: Contracts: Separate estate: Parties.*

1. A married woman who has no separate estate or property of any kind and is not engaged in any kind of business cannot make a binding contract to repay money loaned to her to enable her husband, or herself and husband, to go into business.

2. Under sec. 2608, S. & B. Ann. Stats. (providing that "where a married woman is a party, her husband *must* be joined with her, except that, when the action concerns her separate property or business, . . . she may sue or be sued alone"), it was error, in a case not within the exception, to allow an action against husband and wife to be discontinued as against the husband only.

APPEAL from a judgment of the circuit court for Waukesha county: JAMES J. DICK, Circuit Judge. *Reversed.*

For the appellant there was a brief by *D. H. Sumner,* and oral argument by *Mrs. T. M. Sumner.*

For the respondent there was a brief by *Ryan & Merton,* and oral argument by *E. Merton.*

CASSODAY, C. J. This action was commenced in March, 1896, against the defendant *Mrs. Mjelde* and her husband, H. J. Mjelde, to recover $500, with interest at six per cent. from April 16, 1893.

The original verified complaint alleged, in effect, that April 16, 1892, at the special instance and request of *Mrs. Mjelde,* the plaintiff loaned to her $500, said defendant to secure the same by a promissory note executed by herself and her husband as joint makers, payable three years from said date, with interest annually at six per cent. per annum; that a note was then drawn and executed by Mr. Mjelde, and delivered to the plaintiff without the signature of *Mrs. Mjelde,* of which the following is a copy:

" $500.00.                                        April 16th, 1892.

" On or before three years after date I promise to pay to

the order of *Katie Gallagher* five hundred dollars, at 225 Main street, Waukesha, Wis., for value received, without defalcation or discount, with interest from April 16th, 1892, at the rate of (6) per cent. per annum until paid.

"No. 0.

                                        "H. J. MJELDE."

The complaint also alleged that the plaintiff did not discover the omission for some time thereafter; that when she did she immediately requested *Mrs. Mjelde* to sign the same, as agreed; that she failed and neglected to do so, but promised that she would see that it was paid when due; that she was a sister of the plaintiff, who relied upon such promise, and retained the note as originally delivered to her, and always had relied upon *Mrs. Mjelde* for such payment, which she was personally liable for; that no part of the note had been paid, except the interest to April 16, 1893; that there was due and owing to the plaintiff from the defendants by reason of such premises $500, with interest thereon from April 16, 1893, at six per cent. per annum; that when the note became due and payable, April 16, 1895, payment thereof was duly demanded of the defendants, and the same was refused by them.

The complaint prayed judgment against both defendants for the amount of the principal and interest.

The defendants, by an answer verified by both of them, jointly, admitted and alleged, in effect, that they were then, and at all times in the complaint named, husband and wife, and that the plaintiff was the sister of *Mrs. Mjelde;* that April 16, 1892, the plaintiff loaned to Mr. Mjelde $500, and took for such loan the note mentioned, and which was still due and unpaid, but for which *Mrs. Mjelde* was in no way bound or responsible; that they denied each and every allegation in the complaint contained not therein specifically admitted.

Upon the trial of the action, counsel for the plaintiff was

---

Gallagher vs. Mjelde.

---

allowed, against the objection and exception of the defendants, to dismiss the complaint so far as Mr. Mjelde was concerned, and to amend the complaint accordingly, and by surrendering the note into court. The complaint, so amended, was substantially as stated. Thereupon the defendant, *Mrs. Mjelde*, for another and further verified answer and defense, alleged, in effect, that she was then, and at all times named in the complaint, a married woman, living with her husband,— one of the original defendants in this action,— in this state; that she had not, at the times named in the complaint, a separate estate or property, and was not then, never had been, and was not at the time of such trial, engaged in any separate business of her own.

At the close of the trial the jury returned a verdict in favor of the plaintiff, and assessed her damages at $595.58. From the judgment entered thereon the defendant *Mrs. Mjelde* appeals.

The plaintiff testified to the effect that in pursuance of a prior conversation with the defendant at which she had agreed to loan her the money to be secured by a note signed by herself and her husband, she took the $500 to the defendant's house, April 16, 1892, and laid it on the table; that the defendant's husband was present; that she supposed they picked it up, of course; that she did not remember which of the parties picked it up first, nor which of them picked it up; that the defendant then was married and lived with her husband; that she had not at that time any separate estate, nor any property of any kind, and was not engaged in any business of any kind; that she understood that the defendant or her husband was going into business, and that the defendant was to give her husband the money to do it with; that they had told her that they were going into the hotel business, and that she loaned the money to the defendant for the purpose of enabling her to go into the hotel business, as she had thus stated; that the defendant's husband

Gallagher vs. Mjelde.

gave her the note a day or so afterwards; that she did not discover that it was not signed by the defendant until a year afterwards; that he paid the first year's interest on it; that August 29, 1893, the father of the plaintiff and defendant died testate; that after his death the defendant was interested in his estate as heir at law, but not otherwise. Thus, it is admitted that, at the time of the alleged loan, the defendant had no estate nor property of any kind, and that she was not engaged in any kind of business. The most that plaintiff's evidence tends to prove in her favor is that she made the loan to enable the defendant's husband, or herself and husband, to go into the hotel business some time thereafter. The defendant testified to the effect that she never had any conversation with the plaintiff about borrowing money; that she heard a conversation between her husband and the plaintiff, in which he said he would like to raise $500 and go west; that the plaintiff offered to loan him the money; that he offered to secure her by a mortgage on their furniture, to which the defendant objected; that the plaintiff then said that she did not want any mortgage, and that was all she heard at the time; that she never received any of the estate of her father, and had no separate estate or property or any business at the time of the trial.

Viewing such evidence in the most favorable light for the plaintiff, it seems to be insufficient to support the verdict, upon the principles of law applicable to the case. Besides, the court overruled a demurrer *ore tenus* to the complaint. That complaint contains no allegation or statement from which it can be inferred that, at the time of making the alleged loan, the defendant had any separate estate or property, or that she was in business or contemplated going into business. The most that is alleged is that, at the special instance and request of the defendant, the plaintiff loaned to her $500, to be secured by a note to be executed by herself and husband, but is entirely silent as to what was to be done

Gallagher vs. Mjelde.

with the money. Of course she would not be bound at common law, and the facts alleged do not bring her within any of the provisions of our statute enabling her to make a binding contract. True, our statute authorizes a married woman to receive property "from any person other than her husband, and hold" the same, "to her sole and separate use," and to dispose of the same. R. S. 1878, sec. 2342. So, she is entitled to her "individual earnings" in certain cases. Id. sec. 2343. So, in case of certain conditions as to her husband, she has "the right to transact business in her own name, and to collect and receive the profits of such business, her own earnings and the earnings of her minor children in her charge or under her control, and apply the same for her own support and the support and education of such children." R. S. 1878, sec. 2344. So, the statute has expressly authorized her to sue in her own name, and "have all the remedies of an unmarried woman in regard to her separate property or business, and to recover the earnings secured to her by" the statutes cited, and has provided that she "shall be liable to be sued in respect to her separate property or business." S. & B. Ann. Stats. sec. 2345. These statutes, undoubtedly, give to married women such implied powers as are necessary or convenient to carry into execution the rights and powers thus conferred.

The furthermost this court has gone, in the direction of supporting this action, is to hold that a married woman, having no separate estate, may acquire such estate by purchasing property of any person other than her husband, entirely on credit, and thereby make herself liable for the contract price in an action at law. *Dayton v. Walsh*, 47 Wis. 113; *Krouskop v. Shontz*, 51 Wis. 204; *Cramer v. Hanaford*, 53 Wis. 85; *Bouck v. Enos*, 61 Wis. 660. The principles involved are fully covered by the reasons given and authorities cited in these cases and the more recent cases, and hence it is unnecessary to repeat them. *Fuller & Fuller Co. v. Mc-*

*Henry*, 83 Wis. 573; *Gaynor v. Blewitt*, 86 Wis. 399; *Mueller v. Wiese*, 95 Wis. 381; *Franke v. Neisler*, 97 Wis. 364.

The statute is imperative that, "where a married woman is a party, her husband *must* be joined with her, except that, when the action concerns her separate property or business, . . . she may sue or be sued alone." S. & B. Ann. Stats. sec. 2608. Since the case does not come within the exception, it is obvious that the defendant could not be properly sued without joining her husband, and hence it was error to allow the plaintiff to discontinue the action as against the husband.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.