Hollister and another vs. Bell.

---

HOLLISTER and another, Appellants, vs. BELL, Respondent.

*May 15 — June 21, 1900.*

*Practice: Action at law: Equitable relief: Married women: Promissory notes: Payment of husband's debt.*

1. In an action brought and tried as an action at law, such relief only is obtainable as the facts warrant in that form of action.

2. Since a married woman has not capacity to bind herself at law by contract, except as regards her separate property and business, in the absence of a showing that she received any consideration or benefit, directly or indirectly, or that the payee changed his situation to his prejudice on the faith of it, no recovery can be had in an action at law on a note given by a married woman solely for the purpose of securing or paying the debt of her husband.

APPEAL from a judgment of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Affirmed.*

Action at law to recover of a married woman on her promissory note. The question presented for adjudication

was whether the note was given by defendant concerning her separate property or business or merely for the debt of her husband. The evidence was to the effect that plaintiffs, as bondsmen for defendant's husband and one Gill on a building contract, became liable to and did pay the sum of $1,700, by reason whereof the principals became indebted to them to that amount; that defendant gave the note to cover, in part, such indebtedness, she receiving no consideration therefor whatever. There was some evidence to the effect that defendant said, before the note was given, that it was her duty to pay $600, the amount called for by the note. There was also evidence to the effect that some of the money received on the building contract was applied by defendant's husband on a note to which she was a party; also evidence that before plaintiffs made the payment of $1,700, defendant promised to give the note. At the close of the evidence plaintiffs' counsel requested a finding as to whether defendant gave the note in consideration of money applied to her use, which was represented by the loss sustained by the bondsmen; also whether plaintiffs settled their liability as bondsmen in consideration, in part, of the note in suit. The requests were denied. A verdict was directed for the defendant, and judgment was rendered accordingly.

For the appellants there was a brief by *Barbers & Beglinger*, and oral argument by *Fred. Beglinger*.

For the respondent there was a brief by *Eaton & Weed*, and oral argument by *H. I. Weed*.

Marshall, J. A married woman has not capacity to bind herself at law by contract, except as regards her separate property or business. It follows, as has often been decided by this court, that a married woman's note, given solely for the purpose of securing or paying the debt of a third person, is void at law and not enforceable in equity against her separate property in the absence of some equitable consid-

erations rendering such enforcement, under the circumstances, just. *Krouskop v. Shontz,* 51 Wis. 204; *Kavanagh v. O'Neill,* 53 Wis. 101; *Emerson-Talcott Co. v. Knapp,* 90 Wis. 35; *Mueller v. Wiese,* 95 Wis. 381.

There is no controversy here but that the note in suit was given by respondent for her husband's debt, and that it did not create any legal claim against her. It is insisted, however, that there was evidence from which the jury might reasonably have found that respondent gave the paper in consideration of benefits which she had received out of the building contract, and that appellants settled their bond liability in consideration, in part, of the note, and that on such facts they were entitled to equitable relief against the respondent's property.

The idea that a plain action at law, as to which there is an entire failure of proof, can be turned into an action in equity and a recovery be had such as that jurisdiction in any event can afford on the facts, does not find support in the decisions of this court. If an action be brought and tried as an action at law, such relief only is obtainable as is afforded on the facts in that form of action. *Mueller v. Wiese, supra; Smith v. Putnam, ante,* p. 155.

If the practice were otherwise than as indicated, it would not avail the appellants in this case, because the evidence does not show or tend to show, either that respondent received any consideration or benefit, directly or indirectly, for the note, or that appellants changed their situation to their prejudice on the faith of it. Granted that some of the money from the building contract was applied by the respondent's husband in payment of a note to which she was a party, the evidence shows that such note was given without consideration as to the respondent,— that it was given the same as the one in suit, for her husband's debt, and that she was not bound by it legally or equitably. Granted, also, that appellants settled the bond liability after respondent

agreed to give the note in suit, the evidence shows that such liability was not changed in the slightest degree by any act of the respondent, and that when they settled it, paying the sum of $1,700, they merely did what they were legally bound to do, independent of any transaction between them and the respondent. So, in any view of the case, the verdict was properly directed, and the judgment must be affirmed.

*By the Court.*— So ordered.