FITZGERALD, Respondent, vs. DUNN, Appellant.

*October 17 — November 5, 1901.*

*Fraud: Findings construed: Married women: Separate estate: Convey-
ance as security for husband's debt.*

1. In an action to set aside the discharge of a mortgage a finding that
   the plaintiff (a married woman) executed the satisfaction piece and
   delivered it to the defendant, and that it was signed by plaintiff as
   security for the debt of her husband, is *held* to negative alleged
   fraud in procuring the satisfaction.
2. A married woman may make a present charge upon or conveyance
   of her separate estate as security for or in payment of her hus-
   band's debt, which will be valid and enforceable against the prop-
   erty.

APPEAL from a judgment of the circuit court for Ozaukee
county: JAMES J. DICK, Circuit Judge. *Reversed.*

This is an action in equity to set aside the discharge of a
real-estate mortgage, on the ground that it was obtained by
fraud. The parties to the action are brother and sister and
children of one Catherine Dunn, who died August 18, 1890.
The evidence showed that Catherine Dunn owned an eighty-
acre tract of land in Ozaukee county, and that on May 3,
1889, she executed a deed of the same to the defendant,
*Dunn,* who at the same time, as part of the consideration
for the land, executed a note for $1,000 to each of his
four sisters, the plaintiff being one of such sisters, and at
the same time executed a mortgage upon the land securing
each of said notes. These notes were payable ten years after
date, without interest, and the notes and mortgages were
duly delivered to the sisters, respectively. The defendant
went into possession of the land. On October 23, 1891, the
plaintiff signed and acknowledged a formal satisfaction of
her mortgage, and the same was placed upon record, and in
May, 1899, the defendant sold the land and deeded the same
to one Scheer, who purchased the same in good faith and

without notice. The evidence further showed that prior to July, 1886, the defendant had signed as surety a promissory note of W. H. Fitzgerald, the husband of the plaintiff. This note was not paid at maturity, and in July, 1886, judgment was rendered thereon against Fitzgerald, the defendant, and another surety for the full amount of the principal and interest on said note, which then amounted to $533.11. This judgment remained unpaid until February, 1890, when the defendant was compelled to and did pay the same; the amount thereof, with interest, then being $666.31. The defendant claimed, and offered evidence tending to show, that the plaintiff signed the release aforesaid to indemnify him for the amount which he had paid in discharge of said judgment, but the plaintiff denied this, and claimed that the defendant falsely represented to her that the release was a paper relinquishing any claim by her upon a certain other tract of land owned by *Dunn*, and that she signed the same under that belief, and never intended to discharge said mortgage.

The court, after finding the conceded facts, found " that the said satisfaction was signed by the plaintiff as security for the debt of her husband, W. H. Fitzgerald, to the defendant, *John H. Dunn*, in the sum of $666.31, with interest;" that the transaction was one of a wife for the benefit of her husband, not concerning the wife's separate estate nor for her benefit, and was not enforceable against her. No further findings were made as to the alleged fraudulent representations. The court concluded, as matter of law, that the satisfaction piece should be set aside, and that the plaintiff was entitled to judgment that the defendant deliver up the note and mortgage aforesaid to the plaintiff or, in lieu thereof, account to the plaintiff for the amount due thereon. From this judgment the defendant appeals.

For the appellant there was a brief by *Timlin, Glicksman & Conway*, and oral argument by *Nathan Glicksman*.

For the respondent there was a brief by *Tarrant, Kron-shage & McGovern,* and oral argument by *W. D. Tarrant.* They contended, *inter alia,* that the plaintiff's satisfaction of her mortgage is not a contract "necessary or convenient for the use and enjoyment of her separate estate, or the carrying out of her separate business, or in relation to her personal services." It is therefore void at law. *Mueller v. Wiese,* 95 Wis. 381; *Emerson-Talcott Co. v. Knapp,* 90 Wis. 34; *Stack v. Padden,* 111 Wis. 42; *Hollister v. Bell,* 107 Wis. 198; *Kansas Mfg. Co. v. Gandy,* 11 Neb. 448; *Linton v. Cooper,* 53 Neb. 400.

WINSLOW, J. The court did not find, in so many words, that the plaintiff was not induced to sign the release by false and fraudulent representations as to its contents, but did find affirmatively that the plaintiff executed the satisfaction piece, and delivered it to the defendant, and that it "was signed by the plaintiff as security for the debt of her husband." We can construe this finding in no other way than as a distinct finding negativing the alleged fraud. If she signed it as security for the debt of her husband, she must have done so knowingly, and not under the false idea that it was a paper of entirely different import. Incidentally, we may say that, from an examination of the evidence, we agree with the conclusion of the trial court upon this question.

The trial court, however, was of the opinion that the satisfaction was not binding upon the plaintiff, because it was made in order to pay or secure the debt of her husband. There seems here to have been a confusion of ideas. It is true that a married woman's promise to pay her husband's debt is void at law, and not enforceable in equity against her separate property in the absence of equitable considerations rendering such enforcement just. *Hollister v. Bell,* 107 Wis. 198. This principle, however, does not militate at

all against the other principle, early decided by this court, that a married woman may make a present charge upon or conveyance of her separate property as security for or in payment of her husband's debt, which will be valid and enforceable as against the property. Having the absolute power to dispose of the whole of such property if she chooses, and as she chooses, she may dispose of a part thereof. *Heath v. Van Cott,* 9 Wis. 516. This is what the plaintiff did in the present case. She disposed of her separate property as security for, or in payment of, her husband's debt. She had a right to do this, and, in the absence of fraud, she cannot undo it, any more than a man can set aside his deliberate contract.

*By the Court.*— Judgment reversed, and action remanded with directions to enter judgment for the appellant dismissing the complaint.