Ritter, Respondent, vs. Bruss, imp., Appellant.

*November 12—November 28, 1902.*

*Promissory notes: Suretyship: Married women: Separate estate: Admission binding wife's estate: Estoppel.*

1. Where a married woman signs her husband's note, the payee having had no communication or negotiation with the wife, and the loan being negotiated for use by the husband in his own business, a memorandum beneath the signatures on the note, signed by the wife,—"The above note is made for the benefit of my separate estate and I hereby charge it with the payment thereof"—will not sustain a judgment against the wife, unless it be shown that the transaction was necessary and convenient for the use and enjoyment of her separate estate, or the carrying on of her personal business, or in relation to her personal services.

2. In such case it is error to exclude testimony tending to establish allegations of the wife's answer, to the effect that she signed the note as surety for her husband and that the transaction did not concern her separate property, earnings or personal services.

3. An action at law on a promissory note cannot be maintained against a married woman where the evidence fails to show that she possessed any separate estate.

4. Plaintiff loaned A. money and, after delivery of the money, took a note, signed also by A.'s wife, without having had any negotiations or communications with her as to the matter. The wife signed a memorandum at the foot of the note stating it was for her benefit and that she charged her separate estate with payment. The memorandum did not express any consideration. *Held,* that such memorandum did not estop the wife from setting up the defense that she was a mere surety.

APPEAL from a judgment of the superior court of Milwaukee county: ORREN T. WILLIAMS, Judge. *Reversed.*

Action on a joint and several promissory note, dated June 10, 1895, due one year after date, for $2,000, payable to plaintiff, with interest at five per cent., payable semi-annually, signed by Julius Bruss and *Wilhelmine Bruss.* Immediately following the signatures appears this statement:

"The above note is made for the benefit of my separate estate, and I hereby charge it with the payment thereof.
"WILHELMINE BRUSS."

The complaint sets out the note at length, and contains proper allegations showing default in payment. The defendant Julius answered separately, claiming a discharge in bankruptcy. The defendant *Wilhelmine* answered, admitting the execution of the note, but alleged that at the time she executed it she was the wife of the defendant Julius, and signed the note solely as surety for him for his antecedent debt; that the note was not given, nor was it necessary or convenient, for the use or enjoyment of her separate estate or business, and did not relate to such estate or business, or to her personal service, all of which was well known to the plaintiff. On the trial the plaintiff introduced the note, and computed the interest thereon, and rested. Plaintiff was called as a witness for defendant, and testified that the loan was negotiated by the defendant Julius, who said he "needed it for taxes, insurance, and something else," and that he paid the money over to him. The defendant Julius testified that the other defendant was his wife when the note was given, and that it was given for his debt. *Mrs. Bruss* testified that she never had any communication with plaintiff regarding the loan. Considerable testimony offered by the defendants was ruled out on the ground that it tended to contradict or vary the terms of the note. At the close of the testimony, the court directed a verdict for plaintiff. Due exceptions were taken by defendants. A motion for a new trial was denied, and

judgment entered against the defendant *Wilhelmine,* from which she has taken this appeal.

For the appellant there was a brief by *Sheridan & Wollaeger,* and oral argument by *James A. Sheridan.*

For the respondent there was a brief by *Sylvester, Scheiber & Orth,* and oral argument by *C. A. Orth.*

BARDEEN, J. The evidence shows that the loan for which the note in suit was given was negotiated by the defendant Julius for use in his own business; that the plaintiff had no communication or negotiation with the wife, and knew that she was not interested in getting the money. The answer of the wife set up that she executed the note as surety for her husband, and that the transaction did not concern her separate property or earnings. The court promptly ruled out all testimony offered by the defendants tending to prove this defense. Such ruling was distinctly erroneous. It was competent for the defendants to show that plaintiff knew when the note was executed that the wife signed merely as surety. *Riley v. Gregg,* 16 Wis. 666; *Irvine v. Adams,* 48 Wis. 468, 4 N. W. 573. See *Omaha Nat. Bank v. Johnson,* 111 Wis. 372, 87 N. W. 237. It was also competent for the defendants to show that, as to the wife, the transaction did not concern her separate property or business or personal services. This has been permitted in so many cases that to cite them all would merely incumber the record. See *Mueller v. Wiese,* 95 Wis. 381, 70 N. W. 485; *Hollister v. Bell,* 107 Wis. 198, 83 N. W. 297; *Kavanagh v. O'Neill,* 53 Wis. 101, 10 N. W. 369. When it appeared by the evidence that the defendant *Wilhelmine* was a married woman, and that the debt represented by the note was the husband's, there could be no recovery against her in an action at law, unless it was shown that the transaction was necessary and convenient for the use and enjoyment of her separate estate, or the carrying on of her separate business, or in relation to her personal services.

*Mueller v. Wiese*, 95 Wis. 381, 70 N. W. 485; *Gallagher v. Mjelde*, 98 Wis. 509, 74 N. W. 340; *Hollister v. Bell*, 107 Wis. 198, 83 N. W. 297; *Stack v. Padden*, 111 Wis. 42, 86 N. W. 568. As stated in the case last cited:

"It is not sufficient that a married woman shall merely make a contract *intending* to charge her separate property. It must concern her separate property or business or personal services."

We cannot account for the ruling of the trial court, unless it be that he was of opinion that the memorandum at the foot of the note, signed by the defendant *Wilhelmine*, rose to the dignity of a contract, and could not be disputed. But, as will be observed, the memorandum is not a contract. It utterly fails to express any consideration. It is, at best, a mere admission of intention. It did not, in law, bind the wife, because it lacked the essential attributes mentioned, and a showing that it concerned her special property. The complaint failed to show any foundation for its enforcement. While it is true that it was held in *Smith v. Dunning*, 61 N. Y. 249, it was unnecessary to allude in the complaint to her coverture or her separate estate, still, when the evidence in defense shows coverture, there must be further proof of separate estate, and intent to charge it, before there can be a recovery at law. This court, however, seems to have covered this question in *Rogers v. Weil*, 12 Wis. 664. The action was to foreclose a mortgage securing a bond, signed by husband and wife. The complaint showed that the parties were such, and upon default a judgment of foreclosure and sale was rendered, and, upon a deficiency being reported, a judgment therefor was entered against both defendants. Upon appeal by the wife, this court said:

"Still, at best, we all think that a party ought not to have a personal action upon a contract made by a married woman during her coverture, without showing in the complaint that the contract related to her own separate property, and was

one upon which she might become liable to a personal judgment. This not being done in this case, it was erroneous to take a personal judgment against Mrs. Weil for any deficiency."

*Gaynor v. Blewett,* 86 Wis. 399, 57 N. W. 44, was a similar case, and this court held that there should be no judgment against the wife for a deficiency unless there was a showing that she signed the note on account of her separate property, and with intent to charge the same. See, also, *Franke v. Neisler,* 97 Wis. 364, 72 N. W. 887, to the same effect. The case of *Corn Exchange Ins. Co. v. Babcock,* 42 N. Y. 613, much relied on by plaintiff's counsel, does not sustain their position. In that case the defendant, a married woman, indorsed her husband's note as follows:

"For value received, I hereby charge my individual property with the payment of this note.

"ARMINA BABCOCK."

The complaint set out and the evidence showed that she had a separate estate, and intended to charge it. A judgment against her was sustained. In *Maxon v. Scott,* 55 N. Y. 247, the wife's contract was not as surety for her husband. It was one made with reference to her separate estate, which she possessed, and was held enforceable against her. In *Third Nat. Bank v. Blake,* 73 N. Y. 260, the wife indorsed her husband's note by a writing very similar to the one in the case at bar. Afterwards she signed a written contract, based upon a good consideration, reciting what she had done, consenting to an extension of time on the note, and waiving all defenses. This latter contract was held binding upon her, and the suit at law was maintained. In *Woolsey v. Brown,* 74 N. Y. 82, the wife gave an undertaking, and in it charged her separate property, describing it. In such case it was held that plaintiff need not resort to equity to enforce it. It is quite evident that these cases afford little or no justification for the ruling of the court below. In each case it appeared, either by the

complaint or evidence, that the wife was possessed of a separate estate, and made a valid and enforceable contract with reference to it. In the present case it is not shown that the wife possessed a separate estate.

Neither can any question of estoppel fairly arise against the wife. The plaintiff testified that he dealt entirely with the husband. He then spoke as follows:

"I borrowed Mr. Bruss some money, and he says: 'All right. I will make out a note to it.' A short time afterwards I didn't get it, and he borrowed of me $1,000 more. I said: 'It is time now. Make out the note, and give it to me in my hand now, and sign it from your wife, too.' I paid him the money before he gave me the note."

Plaintiff, having made his loan and paid over the money without any negotiation or communication with the wife, is in no position to invoke an estoppel against her.

*By the Court.*—Judgment is reversed, and the cause is remanded for a new trial.