GOLL, Appellant, vs. FEHR and another, Respondents.

*February 21—March 19, 1907.*

*Promissory notes: Extension of time: Consideration: Mortgage of*
*wife's separate estate to secure husband's debt.*

1. A note executed by husband and wife as collateral to a prior
   note of the husband, in consideration of a definite extension of
   the time for payment of such prior note, is valid as against the
   husband.
2. A mortgage of her separate property given by a married woman
   to secure payment of her husband's obligation is valid and en-
   forceable in equity, and, no liability at law on her part being
   involved, the statute of frauds relating to the promise of one
   person to answer for the debt of another and the law respecting
   a wife's incapacity to incur a legal liability as surety for her
   husband have no application.

APPEAL from a judgment of the circuit court for Milwau-
kee county: J. C. LUDWIG, Circuit Judge. *Affirmed.*

Action to set aside a mortgage. The issues made by the
pleadings may be readily seen by the following statement of
the court's conclusions as to facts:

1. April 28, 1905, Ernst W. Goll, husband of the plaintiff,
was indebted to the defendant bank in the sum of $3,000 and
interest upon his promissory note of March 15, 1905, payable
June 13, 1905, signed by him in his trade name of Sundell
& Goll, and indorsed for his accommodation by Henry G.
Goll.

2. About April 27, 1905, said bank notified Ernst W. Goll
that by reason of the indorsement of Henry G. Goll not being
of any value it would insist upon payment of the note at ma-
turity, unless satisfactory security was immediately given in
place of the indorser.

3. April 28, 1905, said Ernst W. Goll appeared at said
bank with his wife and the latter then agreed and did, for the
consideration hereinafter named, execute a note for $3,000
with her husband, dated on said day, payable to the order of

defendant *Fehr* one year after its date, and secured payment thereof by a mortgage upon her property mentioned in the complaint, the said note and mortgage being delivered to said *Fehr* and subsequently on said day duly assigned to said bank, which now owns the same.

4. At the time of the transaction last aforesaid it was agreed between the plaintiff, said Ernst W. Goll, the defendant *Fehr,* and said bank that upon maturity of the first-mentioned note payment thereof should not be demanded, but that it should be extended for one year after April 28, 1905, and that the second-mentioned note and mortgage securing the same should stand as security for the indebtedness to the bank instead of the note indorsed by said Henry G. Goll.

5. For the purpose of conforming to a custom of national banks not to make paper of a primary debtor payable at longer intervals than ninety days, said Ernst W. Goll in his aforesaid trade name about June 13, 1905, September 11, 1905, and again December 10, 1905, delivered to the defendant bank a memorandum note for $3,000, each being a renewal of the preceding one, the last of which notes is still held by said bank. Payment of none of said memorandum notes was demanded or received, it being understood that neither of them should constitute a substitute for the note and mortgage of April 28, 1905, nor constitute an extension of the time for payment of the indebtedness to said bank beyond the one year agreed upon.

6. January 18, 1906, said Ernst W. Goll was duly adjudged a bankrupt.

7. Said note of March 15, 1905, was not upon its maturity presented for payment, nor has payment thereof been demanded or made.

8. The said note and mortgage of April 28, 1905, were made to *Fehr* and assigned by him to the defendant bank for a good and adequate consideration, plaintiff fully knowing the purpose thereof and consenting thereto.

Upon such facts the court concluded that the mortgage of April 28, 1905, was valid and constituted a lien upon the lands described in the complaint, but that the defendant bank, upon a foreclosure of the mortgage, would not be entitled, in any event, to any deficiency judgment against appellant. Judgment was rendered accordingly, from which this appeal was taken.

For the appellant there was a brief by *Dorr, Gregory & Stiglbauer,* attorneys, and *Adolph Huebschmann,* of counsel, and oral argument by *Mr. Huebschmann.*

For the respondents there was a brief by *W. H. Austin* and *G. G. Gehrz,* and oral argument by *Mr. Gehrz.*

MARSHALL, J.   Some exceptions were taken to the findings of fact and are presented for consideration.   Such findings have been tested by the evidence, resulting in our being unable to hold that they are against the clear preponderance of such evidence and, therefore, they must stand as verities in the case.

No reason is perceived why it was not competent for appellant's husband to make a note, valid as to him, to *Fehr,* acting for the bank, payable in one year after its date, the same to be turned over to the bank as collateral to Ernst W. Goll's note held by the bank, in consideration of payment of the indebtedness evidenced by such last mentioned note being extended till the due date of the collateral note.   So we must hold that the note in form secured by the mortgage sought to be set aside was binding on appellant's husband.   In *Fanning v. Murphy,* 126 Wis. 538, 105 N. W. 1056, this subject was discussed at some length, it being held that an accepted promise to extend the time of payment of a note for a definite period for a new consideration makes a valid contract.   Here there was the promised extension, the definite time, and the new consideration, to wit, the giving of the collateral note, secured on appellant's property.   So regarding it as estab-

lished, as we must, that the collateral note was binding on appellant's husband we pass to the subject mainly argued by appellant's counsel.

Counsel for appellant contend, in the main, that the appeal is ruled by the law respecting the promise of one person to answer for the debt, default, or miscarriage of another. The requisites of such a promise in order to be binding under the statute of frauds, and whether they were all satisfied as to the transaction in question, are discussed in counsel's brief, as they were upon the oral argument, with much learning, but it is the opinion of the court that the questions so presented are not necessarily involved in that of whether the judgment appealed from is right or not. This is not a case involving whether appellant is liable at law for her husband's debts, either as surety or as an original promisor, or otherwise liable at law. So the cases cited in that regard need not be considered.

The trial court went no further than to decide that the mortgage in question was a valid claim upon appellant's real estate to secure the obligation of her husband. The decision that upon a foreclosure of the mortgage no deficiency judgment, in any event, could properly be rendered against appellant, in effect decided that she was not personally liable for the indebtedness or obligation secured by the mortgage, but that the latter was valid under the law that, while a married woman cannot bind herself at law as surety for the payment of her husband's debt under her power to contract, she may bind her property in equity for payment thereof. The distinction between a married woman binding herself at law and charging her separate property in equity has been pointed out in many instances. *Reinig v. Hecht,* 58 Wis. 212, 16 N. W. 548; *Gaynor v. Blewett,* 86 Wis. 399, 57 N. W. 44; *Ritter v. Bruss,* 116 Wis. 55, 92 N. W. 361. She may do the latter by merely giving a mortgage on her property for no other purpose than to secure her husband's obligation, no consideration moving

directly to her in respect to the matter. A consideration moving to the husband, sufficient to support his obligation, will support her mortgage to secure performance of such obligation, so that equity will enforce it. That has long been the doctrine of this court and of others under similar conditions.

In *Loizeaux v. Fremder,* 123 Wis. 193, 101 N. W. 423, the wife signed the note with her husband, no consideration moving to her in the transaction, nor did the note concern her separate property or business. While it was held that she was not liable on the note, her mortgage to secure payment thereof was held valid, the court saying:

"While, of course, under her statutory power to contract with reference to her separate estate, she could make a perfectly valid mortgage thereon to secure this or any other debt, she could not bind herself to a legal liability by the mere promise to pay."

In the recent case of *Merrell v. Purdy,* 129 Wis. 331, 109 N. W. 82, the court, speaking by Mr. Justice WINSLOW, stated this as one of several principles respecting the contracting rights of married women that have become firmly settled by the adjudications in this court:

"A married woman may by proper instrument charge her separate property for any obligation, even for her husband's debt, but this charge is only enforceable in equity." Citing *Mueller v. Wiese,* 95 Wis. 381, 70 N. W. 485; *Hollister v. Bell,* 107 Wis. 198, 83 N. W. 297; *Loizeaux v. Fremder,* 123 Wis. 193, 101 N. W. 423.

In view of the foregoing it seems that little more need be said in deciding this case. Counsel for respondent, in addition to their argument in answer to that of counsel for appellant as to the effect of the statute of frauds upon the transaction in question, contend that the making of the mortgage was within appellant's power to charge her property in equity, citing most of the cases we have referred to. We are unable to perceive any answer to such contention. The matter does

not seem to be open to consideration in view of the statements made of established principles in *Merrell v. Purdy, supra,* to which we have referred.

So the case comes down to this: A married woman is under no disability cognizable in equity in respect to charging her separate property by a mortgage for the payment of the obligation of her husband, and the law respecting her want of capacity to incur a legal liability as surety for her husband or any other person is not inconsistent therewith. She may deal with her separate property as she sees fit under her statutory power respecting the matter. As has been said:

"A married woman may make a present charge upon or conveyance of her separate property as security for or in payment of her husband's debt, which will be valid and enforceable as against the property. Having the absolute power to dispose of the whole of such property if she chooses, and as she chooses, she may dispose of a part thereof. *Heath v. Van Cott,* 9 Wis. 516." *Fitzgerald v. Dunn,* 112 Wis. 37, 87 N. W. 803.

That the execution of a mortgage, as in this case, constitutes such a charge upon or disposition of property was expressly held here as early as the decision of the first case just referred to, and the rule thus established has not been departed from.

*By the Court.*—The judgment of the circuit court is affirmed.