ASA C. KETCHUM, Administrator de bonis non, Plaintiff in Error,

vs.

THERESA WALSWORTH, Defendant in Error.

CERTIORARI TO COLUMBIA CIRCUIT COURT.

At common law, where an estate is granted to husband and wife, they take by entireties and not by moieties; neither can sell without the consent of the other, and the survivor takes the whole.

When an estate is granted to husband and wife and B., or to a husband and wife and B. and C., in the former case, the husband and wife, because they are but one person in law for the purposes of this grant, take a half part, and in the latter case a third of the estate granted.

The words of conveyance which would make two other persons joint tenants, would make the husband and wife tenants of the entirety.

Where an estate is granted to a husband and wife, or a joint purchase is made by them, the husband cannot alienate or incumber such an estate so as to prevent the wife, and her heirs after his death, from enjoying it, discharged of his debts and engagements.

The territorial statute of 1839 (Ter. Rev. Stat. 178), which provided that no estate in joint tenancy should be held under any grant, other than to executors and trustees, unless the premises therein mentioned, should expressly be declared to pass, not in tenancy in common, but in joint tenancy—does not relate to estates held by husband and wife.

Where an estate is purchased with the exclusive money and property of the wife, and the title to the same vested in the husband and wife jointly, equity will not interfere to subject the estate so purchased to the payment of the debts of the husband contracted before marriage.

THE facts of this case, made apparent from the pleadings and testimony taken and had in the cause, are as follows:

On the 22d of February, 1845, Silas and Theresa Walsworth were married. On the 14th day of December, 1846, the lands in controversy were entered in the land office at Green Bay, in the joint names of the husband and wife, with money the separate property and estate of the wife. On the 22d of July, 1849, the husband died intestate, indebted in the sum of $1,100, which indebtedness arose prior to the marriage. The plaintiff in error

became his administrator *de bonis non*, and on the 6th day of June, 1853, filed in the County Court of Columbia county his petition under the statute, setting forth the indebtedness of the estate of the decedent; that there was no personalty wherewith to discharge said debts, and representing that the intestate died seized of the lands in controversy, in manner aforesaid, and praying the order of said court authorizing the sale of said real estate of said intestate.

The defendant in error, the said Theresa Walsworth, appeared in said suit or proceeding, and filed her answer to the said petition, setting forth the said marriage, the entry of the lands in the joint names of said husband and wife, with the money belonging to the wife alone, denies that she ever parted with her interest in the lands, and claims to hold them by the right of survivorship, exclusively as her own, and asks that the prayer of the petition be denied.

To this answer the administrator *de bonis non*, demurred; which demurrer, on argument before said County Court, was by said court sustained, on the ground that by the laws in force at the time of Silas Walsworth's decease, the said Silas and Theresa were tenants in common in the land and not joint tenants, and that the right of survivorship did not attach, and said court also granted a license to said administrator to sell said real estate, subject to the dower of said Theresa therein, for the payment of said debts and the costs of administration.

From this order or decree of the County Court the said Theresa took an appeal to the Circuit Court of Columbia county, and at the September term of said last-mentioned court, 1854, upon hearing before said court, the said order or decree of the County Court was reversed, and the prayer of the said petition of said administrator denied, on the ground that the right of survivorship did attach in said land, and that the said intestate did not leave any interest in the same at his decease, subject to his debts.

To reverse this decree of the Circuit Court, and affirm and re-establish the order of the County Court, this writ of certiorari was brought.

*D. J. M. Loop* and *A. Hand*, for the plaintiff in error.

The statute which was in force at the date of the entry of the lands by Silas Walsworth in his own name and that of Theresa Walsworth, gave to each of them said estate as tenants in common, and on the death of either, the right of survivorship did not attach, so as to bar the heirs of the other of the inheritance. This statute is found on page 178 of the statutes of the territory of Wisconsin (§ 4), and regulates the tenure of real property.

There are but two cases excepted from its operation; one is that of executors, and the other that of trustees. It is a familiar principle of law, that these excepted cases cannot be extended by *implication*. If the present case comes within the operation of this statute it is controlled by it; and it follows, that on the death of Silas Walsworth, his undivided moiety of these lands descended to his heirs, subject to the payment of his debts, and, perhaps, the widow's right of dower.

In the state of Ohio this question has been up and the courts have held that there is no reason why the estate of husband and wife is not a joint tenancy, and why the old English rule of the *jus accrescendi*, which gave to joint tenancies all their value, should be considered of force here ; on the contrary, the court declared that it was just and right that the heirs of one of the tenants dying, should be entitled to the interest of their ancestors. *Sargeant vs. Steinberger*, 1 *and* 2 *Ohio R.* 424 ; *Wilson & Marsh vs. Fleming et al.*, 13 *Ohio R.* 68 ; 10 *id.* 1 ; *Vide also* 11 *S. & R.* 191 ; *Bombaugh vs. Bombaugh*, 1 *Root*, 48.

Throughout the United States, wherever the courts have been called on to give a construction to this question, they have discouraged the idea that the right of survivorship can be claimed, as at common law in England, and declared that it is adverse to the feelings, interests and policy of our whole system of government and social institutions. *See as illustrative, Whittlesey vs. Fuller*, 11 *Conn.* 337 ; *Randall vs. Phillips*, 3 *Mason*, 378 ; *Burnett vs. Pratt*, 22 *Pick.* 557.

*Preston on Abstracts* (*Vol. II, p.* 41), says, that it is now understood that husband and wife may become tenants in common by express gift to them during coverture.

" In this country," says Kent, " the title by joint tenancy is very much reduced in extent, and the incident of survivorship is still more extensively destroyed, except where it is proper and necessary, as in the case of titles held by trustees." 4 *Conn.* 361.

*L. W. Barden,* and *Dixon & Prentiss,* for defendant in error.

The statute of 1839, cited by the plaintiff in error and under which he claims, is substantially the same as in the states of New York, Pennsylvania, Maine, Massachusetts, Vermont, Missouri, Tennessee, and several other states. The decisions of the courts of these states, have uniformly sustained the principle established by the Circuit Court in this case, and also the English courts have sustained the same doctrine from the time of Littleton to the present day. *Litt.* §§ 291, 656; *Co. Litt.* 187, *b.* 188 *a.* 351; *Doe vs. Parratt,* 5 *Term Rep.* 652; 2 *Kent's Com. p.* 132, and cases cited; *Jackson vs. McConnell,* 19 *Wend.* 175; *Johnson vs. Henderson,* 5 *Johns. Ch.* 431; *Greenlaw vs. Greenlaw,* 13 *Maine,* 186; *Harding vs. Springer,* 2 *Shepley,* 407; *Fairchild vs. Castelleaux,* 1 *Penn. State Rep.* 176; *Johnson vs. Hart,* 6 *Watts and Serg.* 319; *Brownson vs. Hull,* 16 *Vermont,* 309; 1 *Dana, Kentucky Rep.* 37, 243; 5 *Mass. Rep.* 521; 8 *ib.* 274; 12 *ib.* 477–9; 16 *ib.* 480–482; *Doe vs. Whittemore,* 2 *Dev. & Bat.* 537; *Paul vs. Campbell,* 7 *Yerger,* 319; *Dean vs. Hardenburgh,* 5 *Halsted,* 42; 3 *Randolph,* 179; *Gibson vs. Zimmerman,* 12 *Mis.* 385; 2 *Wend.*—; *Bla. Com. p.* 182; *Green vs. King,* 2 *Blackstone Rep.* 1211.

A conveyance to husband and wife is not a joint tenancy, although it may be said there is a similarity between them in one respect, that is, of survivorship. But in every other feature they have no relation to each other. 2 *Kent,* 6th ed. *p.* 132, and cases before cited; 1 *Cowen,* 89; 8 *ib.* 277; 16 *Johns. Rep.* 115.

In a conveyance to husband and wife, they become tenants by entireties, as between each other; and for all purposes of ownership they are but one person in law. The estate cannot be severed by an alienation by either party, or by forfeiture, so as to determine the right of survivorship to the whole by the other

party; nor can it be incumbered by either party so as to create a lien as against the survivor. 2 *Kent*, 132 ; *Barber vs. Harris*, 15 *Wend.* 615 ; *Johnson vs. Hait*, 6 *Watts & Serg.* 319 ; *Craig vs. Craig*, 3 *Barb. Ch. Rep.* 76, *and cases before cited;* 4*th Kent's Com.* 362–363, 6*th ed.*

This not being a joint tenancy, but an estate of a different species arising out of the unity and peculiar relation of husband and wife, the construction of the statute cited by the plaintiff in error, as claimed by him, is incorrect, and does not apply to a tenancy of this character. *Stat. of Mass.* 1785, *chap.* 52, *and decisions of that state before cited ; Rev. Stat. of N. Y. Vol. I, p.* 721, § 41, *and N. Y. decisions before cited ; State of Vermont*, 1797, *and Brownson vs. Hull*, 16 *Vt.* 309, *and other cases before cited;* 4 *Kent*, 301.

When the consideration for the purchase of lands comes from the wife, and conveyance made to husband and wife, and the wife survives the husband, the land goes to the wife exempted from the husband's debts. 4 *Kent's Com.* 359–360, 6*th ed.* ; 16 *Mass. Rep.* 480–482 ; *Brownson vs. Hull*, 16 *Vt.* 309.

*By the Court*, SMITH, J. This was a certiorari directed to the Circuit Court of Columbia county in conformity with a rule of this court. The material facts in the case are as follows:—

On the 6th day of June, 1853, Asa C. Ketchum, administrator *de bonis non*, on the estate of Silas Walsworth, deceased, presented, to the county judge of Columbia county, his petition for the sale of lands and real estate of the deceased for the payment of his debts. The petition is in due form, and sets forth that the debts outstanding against the deceased amounted to some $1,100, giving a description of the real estate of which the deceased is alleged to have died seized, and the condition and value of the lot and parcels thereof; and the petition further states, that the lands mentioned and described in the petition were entered by the said Silas Walsworth in the year 1846, during his lifetime, in the joint names of himself and Theresa Wals-

worth, his wife, the present defendant in error; and the petition prayed for a license to sell the real estate of the said Walsworth to pay his debts, &c.

At the day appointed for the hearing of the said petition, Theresa Walsworth, the defendant in error, appeared in the County Court to oppose the petition, and filed her answer thereto, showing, among other things, for cause why such license should not be granted, &c., and setting forth the marriage of the said Silas with the said Theresa in February, 1845; that the lots of land described in said petition were entered by Silas Walsworth with money furnished by and belonging to her as her separate property, at Green Bay, on the 14th day of December, 1846, and for the benefit of herself and children by a former marriage; that the debts, for the payment of which it is sought to subject the lands in question, accrued prior to her marriage with the said Silas, none of which were sought to be enforced against, or satisfied out of, said lands until after the decease of said Silas, and the whole thereof had accrued to her as survivor of her husband, the said Silas Walsworth; and the answer further alleges, that she never parted with her interest in said lands, and claims the whole thereof in her by survivorship.

To this answer the administrator demurred, and, after argument, the County Court sustained the demurrer, on the ground that, by the laws of this state, in force at the time of the said Silas Walsworth's death, the said Silas and Theresa Walsworth were tenants in common of the lands aforesaid, and that there was no right of survivorship in the said Theresa; and, after the usual proofs, ordered a sale of the lands.

From this decree the defendant in error appealed to the Circuit Court, where the order of the county, or probate court, was reversed, the Circuit Court holding that the right of survivorship did attach, and that Silas Walsworth left no interest in said lands subject to be sold for the payment of his debts. To reverse this judgment of the Circuit Court, and to procure the affirmance of the order of the County Court, this writ of certiorari is sued out.

There is but a single question presented to us for considera-

tion and adjudication, viz : whether, under the facts and circumstances stated in the answer of Theresa Walsworth, Silas Walsworth left, at his decease, any interest in the lands mentioned which could be subjected to the payment of his debts, or, in other words, whether his wife at his decease took the whole interest in the lands by what is commonly termed the right of survivorship.

Overlooking all equitable considerations in the case, we have sought to adjudicate upon the rights of the respective parties as the law fixed them at the time of the decease of Silas Walsworth. Prior to that time the legal title in the lands was in Silas and Theresa jointly. They were husband and wife. But at the time of his death, the present Revised Statutes were not in force, and we must look to the statute then in force and ascertain the proper construction to be given it, so far as it relates to the rights of the parties involved in the case.

We are not aware that this question has ever before been presented in the courts of this state. We are also aware that a statute in all essential respects like our own, then in force, has existed in other states, and that it has not had a uniform construction, so far as it related to the tenancy of real estate held by the husband and wife. These considerations have induced a careful and extended examination of the various authorities upon the subject, and we have arrived at a unanimous conclusion, which we think is sustained by a great preponderance of authority, and most certainly by every equitable suggestion furnished by the facts in this particular case.

The plaintiff in error contends that the common law doctrine of survivorship was not in force in this state, or territory, at the time of the death of the intestate, Silas Walsworth, having been abrogated by the statute of the territory then in force, even if it had ever been a part of the law of the territory. This statute is found on page 178 of the territorial Revised Statutes, and is as follows: "No estate in joint tenancy in lands, tenements or hereditaments, shall be held or claimed by or under any grant, devise or conveyance whatever, hereafter to be made, other than to executors or trustees, unless the premises therein mentioned

shall expressly be thereby declared to pass, not in tenancy in common, but in joint tenancy; and every such estate, other than to executors and trustees, unless otherwise expressly declared as aforesaid, shall be deemed to be in tenancy in common, any law, custom or usage to the contrary notwithstanding." It is substantially the same as, and was borrowed from, the statutes of other states, in which it had received a judicial construction.

It is claimed by the plaintiff in error that it applies as well to estates held by husband and wife jointly, as to estates held by other persons jointly, and by the operation of this statute they are all reduced to the same character, viz: tenancies in common. But this construction of the statute is too restricted, and is to be sustained only by disregarding the peculiar rights, incidents, interests and laws growing out of the marriage relation.

In contemplation of law, the husband and wife, for most purposes, are considered as but one person. Chancellor Kent, in his *Commentaries*, says, "If an estate in land be given to the husband and wife, or a joint purchase be made by them during coverture, they are not properly joint tenants, nor tenants in common, for they are but one person in law, and cannot take by moieties. They are both seized of the entirety, and neither can sell without the consent of the other, and the survivor takes the whole;" and he cites *Preston on Estates*, which, with the authorities there cited, abundantly sustain his exposition of the law.

This species of tenancy is *sui generis*, and arises from the unity of husband and wife. As between them there is but one owner, and that is neither the one nor the other, but both together, in their peculiar relationship to each other, constituting the proprietorship of the whole, and of every part and parcel thereof. There can be no partition during coverture, for this would imply a separate interest in each; and for the same reason neither can alien, without the consent of the other, any portion or interest therein; and hence the legal necessity results, that the survivor must take the whole, for the estate being incapable of partition during the life of either, nothing could descend by the death of either. This consequence necessarily results from the nature of the estate, and the legal relation of the parties.

The peculiarity of this relation is further manifested by the case of a grant of an estate to the husband and wife and other parties. " If the grant be made to the husband and wife and B., or to the husband and wife and B. and C., the grantees are all joint tenants, as between themselves, but the husband and wife are tenants by entireties, as between each other; and, as to all the purposes of ownership, the husband and wife are but one person in the law, they take only a moiety of the land in the one case, and only a third of it in the other." " The same words of conveyance which would make two other persons joint tenants, will make the husband and wife tenants of the entirety. This is a nice distinction laid down in the old books, but it continues to the present day to be the law." 2 *Kent's Com.* 133, *and cases there cited.*

If, therefore, the husband could not alienate his interest in the estate with the consent of his wife, how could it become charged with his debts, especially debts contracted before coverture, and before the acquisition of the estate? We lay out of view, for the present, the fact that the estate was purchased with the separate money or property of the wife; and it seems to us that the law is imperative in support of the claim of the wife to survivorship, unless the statute of the territory changes the entire scope and effect of the law, as it otherwise exists. The author above quoted asserts the law to be, and cites numerous authorities, all sustaining the position (which indeed seems to result inevitably from the circumstances and relations of the parties), that the husband cannot alienate or incumber such an estate, if it be a freehold estate, so as to prevent the wife and her heirs, after his death, from enjoying it discharged from his debts and engagements.

It is to be remembered that a statute, similar to the old territorial statute above quoted, has existed in many of the states for many years. It existed in Michigan as early as 1821, from which ours was probably copied, and the judicial construction thereof has been almost uniform, to the effect that the provisions of the statute did not relate to estates so held by husband and wife; and for the reasons before stated, that although similar in

kind yet they differed essentially from estates in joint tenancy. In case of the former, the grantees took by entireties, and not *per my et per tout;* that neither could alienate without the consent of the other, &c., and that therefore not being strictly joint tenancies, they were not within the purview of the statute in question. Reference is here made to repeatedly adjudicated cases in New York, Pennsylvania, Massachusetts, New Hampshire, Vermont, Tennessee, Missouri, and a number of others, a particular reference to which is not deemed necessary, as they are referred to in the elementary treatise above quoted. These cases all conclude that the statute of which ours is substantially a copy, does not relate to estates held by husband and wife; and that they differ essentially from joint tenancies, and that the doctrine of survivorship applies to them, notwithstanding the statute.

It is true that in Ohio, and some other states, the doctrine of survivorship, even in relation to husband and wife, has been denied; but it has been almost, if not uniformly, so held, for the reason that the common law in that respect had never been adopted in such states, and not because of the operation of a statute like ours. *See Sargeant vs. Steinberger,* 1 *Ohio,* 424; 11 *S. & R.* 191; 1 *Conn.* 48; 11 *id.* 337.

It is true that the provisions of the Revised Statutes upon the same subject (*R. S. ch.* 56, §§ 44, 45), do not apply to this case, as it was not enacted at the time of the decease of the intestate; but it expressly excepts from its operation, estates held by husband and wife, thereby indicating the policy of the state; and with all the preponderance of authority that exists in favor of such exception, even from the operation of the territorial statute, we would hardly be justified in following the few authorities which have taken a different view, even if our opinions coincided with the latter.

Such, however, is not the case. We think that the stern logic of the common law supports the weight of authority, as we have found it to be, and even without the legislative expression since given, we should be impelled to the same conclusions to which the courts of New York and other states have arrived,

supported as they are by nearly, if not quite all, the English decisions of ancient and modern times.

But there are strong, equitable considerations in this case, which, though they have been left out of view in determining the legal principles on which the rights of the parties are alleged to depend, may well reconcile one to the application of the law here, however harshly it may operate in some other cases. The creditors of Silas Walsworth can have no equitable claim upon this estate. It appears to have been purchased with the separate property of the wife, for her benefit and that of her children. There was no meritorious act of accumulation by the husband, which added to his resources, out of which his previous creditors had an equitable right to claim satisfaction of their pre-existing debts.

We are satisfied that the decision of the Circuit Court is correct, and that the judgment should be affirmed.

Judgment of the court below affirmed, with costs.