CITIZENS LOAN & TRUST COMPANY, Administrator, Appellant, vs. WITTE and wife, imp., Respondents.

*November 13—November 28, 1902.*

*Husband and wife: Deeds: Mortgages: Joint estates: Estates by entireties: Statutes: Married women: Separate estate: Assumption of mortgage as part of purchase price by married woman.*

1. Under sec. 1, ch. 95, R. S. 1858, as amended by sec. 2340, R. S. 1878 (providing that the real estate of every description, including all held in joint tenancy with her husband, and the rents, issues and profits thereof, of any female now married shall be her sole and separate property as if she were unmarried), and sec. 3, ch. 95, R. S. 1858, as amended by sec. 2342, R. S. 1878 (providing that any married female may receive by inheritance, or by gift, grant, devise or bequest from any person other than her husband, and hold, to her sole and separate use,

and convey and devise real and personal property, and any interest or estate therein of any description, including all held in joint tenancy with her husband, and the rents, issues and profits in the same manner, and with like effect as if she were unmarried, and the same shall not be subject to the disposal of her husband, nor liable for his debts), covers cases of estates held as tenants by the entirety by husband and wife.

2. A deed conveying lands to husband and wife excepted from the covenants of warranty a mortgage which the grantees assumed and agreed to pay as part of the purchase price. *Held*, that the agreement of the husband and wife to assume and pay the mortgage was binding upon each of them, and that the wife, as well as the husband, was personally liable for any deficiency that might arise upon a sale of the premises on foreclosure.

3. A married woman may acquire land by purchase from a stranger entirely on credit and bind herself for the payment of the purchase price and, as part thereof, assume and agree to pay an existing mortgage thereon.

APPEAL from a judgment of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Reversed.*

This is an action to foreclose several notes, and a mortgage to secure the same, executed by the defendants John Schoerner and wife, May 8, 1890, to Paul Jenisch, for $2,000, with interest at six per cent., due November 8, 1895. It is found by the trial court, and is undisputed, that Jenisch transferred the notes and mortgage to one Daniel Goldstein, August 5, 1896, and that Goldstein died, and the plaintiff was appointed administrator of his estate before the commencement of this action, and as such brings this suit; that after the execution of the notes and mortgage Mrs. Maggie Dedi, having acquired title to the premises from and under the mortgagors, conveyed the same to the defendants *Otto Witte* and *Katharine Witte,* his wife, January 16, 1894, by deed of that date, reciting a consideration of $2,500, in which Maggie Dedi covenanted and agreed that at the time of the ensealing and delivery of such deed she was well seised of the premises described, as of a good, sure, perfect, absolute, and indefeasible estate of inheritance in the law in fee simple, and that the

same were free and clear from all incumbrances whatever, except said mortgage of $2,000, which the said grantee, *Otto* and *Katharine Witte,* thereby "assumed . . . as part of the purchase money," which they thereby agreed to pay, together with the taxes of 1893. In addition to the facts stated, the court also found that there was due to the plaintiff upon the notes and mortgage $2,740.34, together with other facts usual in such judgment of foreclosure and sale.

"As conclusions of law, the court found that the plaintiff was entitled to judgment foreclosing the mortgage for the amount found due, but . . . that the plaintiff was not entitled to a personal judgment against the defendants *Otto Witte* and *Katharine Witte,* or either of them, for such deficiency, or any part thereof, that might arise on a sale of the premises."

Judgment was thereupon entered in accordance with such findings of fact and conclusions of law. From that part of the judgment adjudging that the defendants *Otto* and *Katharine Witte* were not personally liable, either jointly or severally, for the whole or any portion of the amount of any deficiency arising upon the sale of the mortgaged premises pursuant to said judgment, the plaintiff brings this appeal.

For the appellant there was a brief by *Nath. Pereles & Sons,* and oral argument by *C. F. Hunter.*

For the respondents there was a brief by *Fiebing & Killilea,* and oral argument by *O. J. Fiebing.*

CASSODAY, C. J.    The defendants *Otto* and *Katharine Witte* purchased the mortgaged premises, and in the deed to them covenanted and agreed to assume and pay the mortgage as a part of the purchase price. They now claim, and the trial court apparently held, that their agreement was a nullity by reason of the fact that they were husband and wife and sued as such, and that the husband must be held jointly with his wife or not at all. They further contend that she was not liable because it was not alleged nor proved that at the time

of receiving the deed she had any separate estate or property of any kind, nor that she was in business for herself, or contemplated going into such business. In support of such proposition, counsel cite the statutes and rely upon several decisions of this court. *Gallagher v. Mjelde,* 98 Wis. 509, 74 N. W. 340, and cases there cited. Attention is also called to our statutes, which declare, in effect, that "the nature and properties" of "estates in severalty, in joint tenancy, and in common" continued to be the same as was established by law, except so far as modified by statutes; and that "all grants and devises of lands made to two or more persons" should "be construed to create estates in common, and not in joint tenancy, unless expressly declared to be in joint tenancy," but that such provision of the statute should "not apply to mortgages, nor to devises, or grants made in trust, or made to executors, *or to husband and wife.*" Secs. 2067–2069, Stats. 1898. Under these statutes, it is claimed that the estate created by the deed in question is the same as it would have been at common law; that is to say, the husband and wife did not take the title properly as joint tenants, nor tenants in common, but both were seised of the entirety, and the survivor will be entitled to the whole estate. 2 Blackstone, Comm. 182; 4 Kent, Comm. 362. Such rule of the common law has repeatedly been recognized by this court. *Ketchum v. Walsworth,* 5 Wis. 95, 103, 104; *Bennett v. Child,* 19 Wis. 362, 366; *Brown v. Baraboo,* 90 Wis. 151, 155, 62 N. W. 921; *Farr v. Trustees,* 83 Wis. 446, 453, 454, 53 N. W. 738; *Feidler v. Howard,* 99 Wis. 388, 393, 394, 75 N. W. 163. The important question presented is whether the rule has been modified by the statute enlarging the rights of married women and, if so, when? Prior to the Revised Statutes of 1878, those statutes related only to the sole and separate property of a married woman. And so in accordance with the common-law rule, which considered the husband and wife as one person in law, it was held that the husband had the en-

tire control during his life of lands so conveyed to him and his wife, and might convey and mortgage them for that period, but that he could not alienate them so as to give title after his death, if the wife survived him. *Bennett v. Child, supra; Bertles v. Nunan,* 92 N. Y. 152, 44 Am. Rep. 361. To obviate the effect of that decision, secs. 1, 3, ch. 95, R. S. 1858, were amended by secs. 2340 and 2342, R. S. 1878, as appears by the revisors' notes to those sections. To effect that object, sec. 1, ch. 95, R. S. 1858, was amended by inserting immediately after the word "estate" the following words, "of every description, including all held in joint tenancy with her husband," so that the same reads, with those words inserted in italics, as follows:

"The real estate *of every description, including all held in joint tenancy with her husband,* and the rents, issues and profits thereof, of any female now married, shall not be subject to the disposal of her husband, but shall be her sole and separate property as if she were unmarried." Sec. 2340, R. S. 1878.

And to further effect that object, sec. 3, ch. 95, R. S. 1858, was amended by inserting immediately after the words "estate therein" the following words, "of any description, including all held in joint tenancy with her husband," so that the same reads, with those words inserted in italics, as follows:

"Any married female may receive by inheritance, or by gift, grant, devise or bequest from any person other than her husband, and hold, to her sole and separate use, and convey and devise real and personal property, and any interest or estate therein *of any description, including all held in joint tenancy with her husband,* and the rents, issues and profits in the same manner, and with like effect as if she were unmarried, and the same shall not be subject to the disposal of her husband, nor be liable for his debts." Sec. 2342, R. S. 1878.

Thus, it appears that both sections as so amended, as well as the revisors in their notes, treat the estate created by deed

running to husband and wife, as in the case at bar, as an estate "held in joint tenancy," instead of being held as tenants of the entirety, as at common law. Technically, the language is incorrect. And yet the common-law rule, as mentioned in the authorities cited, is that the husband and wife, as such grantees, are not *"properly* joint tenants,"—not *"strictly* joint tenants." Undoubtedly, at common law the same words of conveyance which would make two other persons joint tenants would make the husband and wife tenants of the entirety. 2 Kent, Comm. (14th ed.) 132; *Ketchum v. Walsworth,* 5 Wis. 103. As stated by Blackstone:

"The properties of a joint estate are derived from its unity, which is fourfold,—the unity of *interest,* the unity of *title,* the unity of *time,* and the unity of *possession;* or, in other words, joint tenants have one and the same interest, accruing by one and the same conveyance, commencing at one and the same time, and held by one and the same undivided possession." 2 Blackstone, Comm. 180.

At common law, a deed to husband and wife answered all of these requirements, except the fact that they being considered one person in law, and the husband being that person, enlarged his rights during coverture correspondingly, but the dominant characteristic of survivorship was the same. In view of what has been said, it may be that the learned revisors were justified in broadly using the words "held in joint tenancy," as they did in the sections of the statute quoted. Manifestly, the revisors intended by the amendments to cover cases of tenants of the entirety held by husband and wife, especially as in one section the words "held in joint tenancy" follow the words, "the real estate of every description," and in the other section follow the words, "any interest or estate therein of any description," and in both sections they are followed by the words, "and the rents, issues and profits thereof," or their equivalent. Unless that is so, the new provision inserted in the sections is without significance. We

Giese v. Milwaukee E. R. & L. Co. 116 Wis. 66.

must hold that the agreement of *Otto* and *Katharine Witte* to assume and pay the mortgage is binding upon them, and that they are liable for any deficiency that may arise upon the foreclosure sale of the premises. This is in harmony with the rule that a married woman without any separate estate may acquire land by purchase from a stranger entirely on credit, and bind herself for the payment of the purchase price. *Dayton v. Walsh,* 47 Wis. 113, 2 N. W. 65; *Gallagher v. Mjelde,* 98 Wis. 513, 74 N. W. 340, and cases there cited.

*By the Court.*—That part of the judgment of the superior court of Milwaukee county appealed from is reversed, and the cause is remanded with direction to complete the entry of judgment in accordance with this opinion, and for further proceedings according to law.