Good Land Co. v. Cole, 131 Wis. 467.

GOOD LAND COMPANY, Respondent, vs. COLE, Appellant.

*January 29—April 30, 1907.*

*Corporations: Married woman as incorporator.*

Under sec. 1771, Stats. (1898), providing that "three or more adult persons, resident of this state, may form a corporation," etc., a married woman may be an incorporator, even though her husband also is one.

APPEAL from a judgment of the circuit court for Price county: A. J. VINJE, Judge. *Affirmed.*

This is an action in ejectment. Plaintiff, a corporation, demanded possession of the premises, damages for the unlawful detention, and for costs. Defendant in his amended answer denies the legal and due incorporation of the plaint-

iff, in that two of the three incorporators were husband and wife at the time the corporation was formed. Plaintiff submitted evidence of incorporation and evidence showing title through tax deeds recorded April 17, 1895, and on May 31, 1895. This evidence was objected to on the ground that the incorporation was invalid as above stated, and, as to the tax deeds, on the ground that the action was barred under sec. 1187, Stats. (1898). These objections were overruled.

Defendant's title was based on tax deeds recorded May 29, 1902, on a tax deed recorded June 1, 1904, and on a tax deed issued June 13, 1903. Evidence of title through which defendant claimed, originating more than three years before the recording of the tax deeds through which plaintiff claimed, was rejected by the court. Plaintiff introduced evidence of the tax proceedings prior to the issuance of defendant's deeds, from which it appeared that there were irregularities in the return of the delinquent taxes by the town treasurers. These irregularities consisted in the failure of the town treasurers to subscribe the return at the end, in the omission of a return of the delinquent personal taxes with the delinquent taxes on real estate, or a return that there were none, and in incomplete and indefinite descriptions, in not repeating town, range, and section descriptions for each parcel. The proof of publication was defective in not stating that the notices had been published "once in each week for four successive weeks" prior to the date of sale, and in a newspaper which has been published "regularly and continuously . . . once in each calendar week for at least two years before the date of such notice." Sec. 1130, Stats. (1898). The proof of publication was not transmitted to the county treasurer within six days after the last publication of the notice—sec. 1132, Stats. (1898) ; and one item in the charge included in making the sale was a printer's fee of twenty-five cents.

Defendant alleged, and on the trial urged, that the action

was barred under the provisions of secs. 1187, 1188, 1210h, and 1189a, Stats. (1898).

By the judgment of the court defendant was allowed the sums he had paid for taxes, interest, and charges in procuring his tax deeds and the amounts paid in subsequent tax sales. Plaintiff was allowed costs. This is an appeal from the judgment.

*Rublee A. Cole,* for the appellant.

For the respondent there was a brief by *Barry & Barry,* and oral argument by *M. Barry.*

The following opinion was filed February 19, 1907:

SIEBECKER, J. In this case appellant raises all of the questions presented in the case of *Van Ostrand v. Cole, ante,* p. 446, 110 N. W. 891. We find the facts bearing on these questions are the same in the two cases, and the decision upon them in the companion case rules this one in respect to all the questions so presented.

Appellant, however, raises the question that plaintiff has no corporate existence and hence cannot maintain this action. Sec. 1771, Stats. (1898), provides that "three or more adult persons, residents of this state, may form a corporation" in the manner and for the purposes therein provided. The claim is made that married women are not empowered within the provisions of this law to exercise the rights of an "adult" person, and that, if a married woman is empowered to exercise the rights of an "adult" person under the provisions of this statute, still plaintiff's alleged incorporation is invalid because two of the three "adult" persons who attempted to incorporate were at the time of its organization husband and wife. The act of forming a corporation as provided by this statute, as between the parties to the undertaking, is in its nature contractual. In this view it seems a natural consequence that any three adult persons having the power to contract may form a corporation upon compliance with and in

the manner prescribed by the statute.  Appellant suggests that a married woman's common-law disabilities to contract persist as to the exercise of this right.  The acts involved in forming a corporation and in becoming a stockholder in it are alike in their character, and no valid reason is suggested why the statutes removing the common-law disabilities of married women should not apply with equal force to both, and, if she is empowered to make contracts respecting the purchase and ownership of stock in a corporation, it seems but a logical inference that she may be a corporator of a proposed corporation.  The right to acquire, own, and transfer property and to conduct her separate business as if she were unmarried involves the exercise of privileges in their nature like those involved in acquiring the right to exercise the corporate powers and privileges bestowed by the statute.  We are cited to no authority, and from our investigation it seems this question has but seldom called for judicial determination.

In *Bundy v. Cocke,* 128 U. S. 185, 9 Sup. Ct. 242, the competency of a married woman to become a shareholder in a corporation was involved, and it was held that the statute of Arkansas removing the common-law disabilities of a married woman as to contracts respecting her separate property and business enabled her to assume such obligations.  In an opinion of the attorney general of Pennsylvania, reported in 18 Pa. Co. Ct. Rep. 492, the qualification of a married woman to become a corporator of a proposed corporation under the Pennsylvania statute was presented, and the conclusion reached that the married woman's act of that state, removing the common-law disabilities by reason of coverture, enabled her to become a corporator of a corporation upon the ground that such a right grew out of the contractual capacity bestowed upon her by such enabling laws.  10 Cyc. 166, F, 4; *Witters v. Sowles,* 38 Fed. 700.  The power of a married woman to exercise the right to contract concerning her separate property and business is fully established by the law of this state and needs no further discussion.  See *Kriz v. Peege,*

119 Wis. 105, 95 N. W. 108; *Citizens' L. & T. Co. v. Witte,*
116 Wis. 60, 92 N. W. 443, and cases there cited. We are
of the opinion that the term "adult persons," as used in sec.
1771, Stats. (1898), includes a married woman, and that she
has the right to be a corporator of a corporation under the
laws of this state.

It is urged that the decision in *Fuller & F. Co. v. Mc-
Henry,* 83 Wis. 573, 53 N. W. 896, where it is held that a
husband and wife cannot form a copartnership, because the
legislature did not intend that such relations as flow from a
copartnership in trade should exist between them, controls
the situation presented here. The question there involved
was whether the common-law disability of a wife to form a
copartnership with her husband had been removed, and it
was held that the married woman's act did not contemplate
the removal of this particular disability. The decision went
upon the ground that the legislation upon this subject con-
templated "that the gains the wife should make in the exer-
cise of her limited business powers should be her *sole* and *sep-
arate* property, and not be in any way subject to the inter-
ference, control, or disposal of her husband." The decision
places stress upon the point that the partnership relation
would enable the husband to exercise control over a wife's
property contributed to a partnership such as the statutes seek
to prevent, and thus frustrate the objects of these enabling
statutes. These reasons do not, however, apply to the case be-
fore us. The investment by a wife of her separate property
in a corporation in which she and her husband are corpo-
rators gives the husband no control over it by reason of their
relation to the corporation. A stockholder does not hold the
relation of a copartner to the corporation or to the other
holders of stock in the corporation. Ownership of stock or
an interest in the corporate property by a married woman
gives her husband, though he may also own stock in the cor-
poration, no right to control her separate property or to man-
age her separate business. 1 Cook, Corp. (5th ed.) §§ 10, 11;

10 Cyc. 373. We must hold that the fact that Anna A. Van Ostrand was a corporator of the plaintiff corporation does not affect its legal existence.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied April 30, 1907.