WILL OF RAY: THE STATE, Appellant, vs. RAY, Executor, Respondent.

*October 21—November 17, 1925.*

*Husband and wife: Estates by entirety: Joint tenants: Inheritance tax on devolution of title upon husband.*

1. Since the enactment of the Revised Statutes of 1878, estates by the entirety cannot be created under the laws of Wisconsin. p. 181.
2. Estates by the entirety arose at common law not by reason of the form of the conveyance but because of the status of the grantees as husband and wife; and the provisions of the Married Woman's Property Act conferring on the wife the right to convey her interest in property conveyed to herself and husband destroyed the basis of such estate and reduced what would have been an estate by the entirety at common law to a mere tenancy. p. 182.
3. A conveyance made in 1902 to a husband and wife as tenants by the entirety created a joint tenancy, and the interest of the wife, devolved upon the husband at her death, was subject to an inheritance tax under sec. 72.01, Stats., as the grantees were joint tenants when the statute was passed; and said sec. 72.01, being not retroactive but prospective, impairs no constitutional right of the surviving husband. p. 182.

APPEAL from an order of the county court of Milwaukee county: M. S. SHERIDAN, Judge. *Reversed.*

Inheritance tax. On the 24th day of July, 1902, *Charles Ray* and the deceased, Jennie M. Ray, were husband and wife. On that day there was conveyed to *"Charles Ray and Jennie M. Ray, his wife, as tenants by the entirety,"* certain lands. Jennie M. Ray died on the 17th day of June, 1922. Upon the settlement of her estate it was sought to impose an inheritance tax upon one half·of the value of the lands described in the conveyance of July 24, 1902. The county court was of the opinion that the interest of the wife was not subject to an inheritance tax, and from the order entered accordingly the State appeals.

For the appellant there were briefs by the *Attorney General* and *Franklin E. Bump,* assistant attorney general, attorneys, and *John Harrington,* inheritance tax counsel, of counsel, and oral argument by *Mr. Bump.*

For the respondent there was a brief by *Miller, Mack & Fairchild,* and oral argument by·*Paul R. Newcomb,* all of Milwaukee.

ROSENBERRY, J. The question presented is one of law, namely: whether the inheritance tax imposed by sec. 72.01, Stats., applies in this case. The answer to that question is, in part at least, dependent upon the question of whether or not estates by the entirety exist under our law.

In *Wallace v. St. John,* 119 Wis. 585, 97 N. W. 197, decided November 17, 1903, where the whole subject matter is thoroughly reviewed, it was held· that estates by the entirety could not be created under our law since the enactment of the Revised Statutes of 1878, for the reasons there given. No useful purpose will be served by rediscussing the matter at this time. In other jurisdictions a different conclusion has been reached. *Bertles v. Nunan,* 92 N. Y. 152; *Diver v. Diver,* 56 Pa. St. 106; *Fisher v. Provin,* 25 Mich. 347.

It is argued here that because the conveyance in question created an estate by the entirety subsequent to the enactment

of the Married Woman's Property Act, the decision in *Wallace v. St. John, supra,* does not apply. This argument overlooks the fact that the conveyance under consideration in *Wallace v. St. John* made the grantees therein tenants by the entirety at common law to the same extent as if it had been therein expressly provided that they should so hold. That was the legal effect of the conveyance. Estates by the entirety arose not by reason of the form of the conveyance but because of the status of the grantees. It having been held that under the provisions of the Married Woman's Property Act she might convey property conveyed to herself and husband, such provision operated to destroy the common-law basis of estates by the entirety, that is, the oneness in law of husband and wife. 2 Bl. Comm. 182. Under the Married Woman's Act she now has the power to convey her interest, and that power reduces what would be an estate by entirety at common law to a mere joint tenancy.

It seems too plain for argument that, the deceased and *Charles Ray* being joint tenants, the title to her interest in the estate was devolved upon him by the death of his wife and is therefore liable to taxation under the provisions of sec. 72.01, Stats. They were such joint tenants at the time sec. 72.01 was enacted. That statute is not retroactive but prospective, and impairs no constitutional right of the defendant either under the constitution of this state or of the United States.

*By the Court.*—Order reversed.