AABY and another, Respondents, vs. CITIZENS NATIONAL
BANK OF STOUGHTON, imp., Appellant.

*September 12—October 9, 1928.*

For the appellant there was a brief by *Clancey, Loverud & Loverud* of Stoughton, and oral argument by *Albert M. Loverud.*

For the respondents Aaby there was a brief by *Sanborn, Blake & Aberg* and *Glen H. Bell,* all of Madison, and oral argument by *Mr. Bell* and *Mr. W. J. P. Aberg.*

*Richmond, Jackman, Wilkie & Toebaas* of Madison, attorneys for the respondent Huber.

CROWNHART, J. The sole question before us is: Is there an estate by the entirety in personal property, recognizable by our law?

There was such an estate by the common law, and the common law prevails in Wisconsin until changed by statute. The appellant claims that since estates by the entirety in realty were abolished by the Married Women's Act (*Wallace v. St. John,* 119 Wis. 585, 97 N. W. 197), the reason of the common law has ceased to exist as to personal property, and it was therefore the intention of the legislature to abolish such estates in personal property.

Prior to the Married Women's Act, estates of joint tenancy in husband and wife were held to be estates by the entirety at common law, and as such estates by the entirety in Wisconsin. *Wallace v. St. John, supra.* But in that case this court, in construing the Married Women's Act in connection with the amended chapter of 1878 on real estate, which changed the real estate chapter from "this chapter" to "these statutes," and in consideration of the revisor's notes thereto, held that estates by the entirety in real estate no longer existed. Personal property was not there involved.

The Married Women's Act, sec. 246.03, Stats., applies

to both real estate and personal property, and within the reasoning of *Wallace v. St. John, supra,* there can be no estate by the entirety either in real estate or in personal property.

Sec. 246.03, Stats., reads:

"Any married female may receive by inheritance or by gift, grant, devise or bequest from any person, hold to her sole and separate use, convey and devise real and personal property and any interest or estate therein of any description, including all held in joint tenancy with her husband, and the rents, issues and profits thereof in the same manner and with like effect as if she were unmarried, and the same shall not be subject to the disposal of her husband nor be liable for his debts. Any conveyance, transfer or lien executed by either husband or wife to or in favor of the other shall be valid to the same extent as between other persons."

In *Will of Ray,* 188 Wis. 180, 205 N. W. 917, the language of the court is broad enough to include both personal and real property, although only real estate was there involved.

The plaintiffs rely upon *Dupont v. Jonet,* 165 Wis. 554, 162 N. W. 664, where this court said:

"As to real estate, our statute has substituted joint tenancy for tenancy by entireties in case of a conveyance to husband and wife, but there has been no such change as to personal property," citing *Wallace v. St. John, supra.*

But it seems that the court there overlooked the reasoning of the *Wallace Case.*

The language of the Married Women's Act is plain and unambiguous. It is reinforced by sec. 6.015, Stats., and *First Wis. Nat. Bank v. Jahn,* 179 Wis. 117, 190 N. W. 822, and *Wait v. Pierce,* 191 Wis. 202, 209 N. W. 475, 210 N. W. 822. Estates by the entirety no longer exist in this state either in real or personal property. Anything in *Dupont v. Jonet, supra,* inconsistent with this opinion is overruled.

It is contended by the respondents that the fund is exempt because it arose from a sale of their homestead. It is true that the fund is exempt from seizure "while held, with the intention to procure another homestead therewith, for a period not exceeding two years." Sec. 272.20, Stats. But the law makes no restriction on the voluntary disposition of the fund.

The defendant Huber has a lien for attorney's fees on the funds in dispute, in the amount of $100, about which there does not appear to be any contest. He appears here, and he appeared in the court below, to secure the advice of the court as to a proper disposition of the trust funds held by him. He is entitled to retain his fee out of the trust funds, together with his costs to be taxed.

*By the Court.*—The judgment of the circuit court is reversed, with directions to enter judgment in accordance with this opinion.