HAAS and another, Appellants, vs. WILLIAMS, Respondent.

*May 1—June 4, 1935.*

For the appellants there was a brief by *Bull, Biart &amp; Bieberstein* of Madison, and oral argument by *Nat. P. Biart.* *Platt Whitman* of Highland, for the respondent.

FAIRCHILD, J. A grant of land to two persons who are husband and wife creates in such grantees joint tenancy in the land, unless a different estate is expressly provided for in the instrument of conveyance. *Wallace v. St. John,* 119 Wis. 585, 97 N. W. 197; *Bassler v. Rewodlinski,* 130 Wis. 26, 109 N. W. 1032; *Citizens' L. & T. Co. v. Witte,* 116 Wis. 60, 92 N. W. 443; *Aaby v. Citizens Nat. Bank,* 197 Wis. 56, 221 N. W. 417; *Weber v. Nedin,* 210 Wis. 39, 242 N. W. 487, 246 N. W. 307, 686.

The appellants contend that the instrument conveying property to Charles and Catherine Williams is, on its face, unambiguous, and creates a tenancy in common; that the introduction of extrinsic evidence to establish the fact that Charles and Catherine Williams were husband and wife at the time the instrument was executed gives rise to doubt, ambiguity, and uncertainty in the instrument; that it then becomes subject to more than one construction as to the character of the estate conveyed; and that it was therefore proper to introduce evidence to show the intention of the parties. But an ambiguity does not arise until the instrument is susceptible of more than one construction. The deed in question, without qualification of any sort, carries the title to the lands from the grantors to Charles and Catherine Williams. They were at the time husband and wife and continued in that relation until the death of Catherine in 1916. In this state, when the grant is to husband and wife, a joint tenancy in the lands is created. Sec. 230.45, Stats.; *Wallace v. St. John, supra.* In the case of *Dowling v. Salliotte,* 83 Mich. 131, 47 N. W. 225, circumstances quite parallel to those in this case existed, and the supreme court of Michigan held that a deed to two persons who are in fact husband and wife creates in them a joint tenancy, though the deed does not describe them as husband and wife. Parol evidence may be introduced to show the existence of the relationship at the time of the grant. Where the deed does not describe the estate to be passed, and the grantees at the

time of the conveyance are husband and wife, a joint tenancy exists, and it cannot be considered that there exists either a patent or latent ambiguity in the instrument. Nor is one brought into existence by the use of evidence to identify the grantees as to their marital status.

The *Dowling Case* was modified in later decisions (*In re Appeal of Nellie Lewis*, 85 Mich. 340, 48 N. W. 580; *Hoyt v. Winstanley*, 221 Mich. 515, 191 N. W. 213), but only in regard to the question as to whether a joint tenancy or an estate by entirety was created, leaving undisturbed the rule as to describing the grantees as husband and wife. The common-law rule as to estates by entirety being still recognized in Michigan, it was held, in the later cases cited, that such an estate was created instead of a joint tenancy. In this state, however, estates by entirety have been abolished, and, as the pertinent question determined in the *Dowling Case* was in no way affected, that decision is authority here. In the case at bar, the deed created a joint tenancy.

In the absence of uncertainty as to the existence of the joint tenancy in the land in Charles and Catherine Williams, it becomes of no consequence to inquire as to the dealings between the grantor and the grantees, or between the grantees themselves prior to the deed under which respondent's predecessor in title took the property. The ruling of the trial court must be upheld.

*By the Court.*—Judgment affirmed.