In re Cher Lynn GILLETTE, a/k/a Cher Gillette Pujol, p/k/a Cher Gillette Morse, Debtor.

Bankruptcy No. 97–230–8G7.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

March 3, 1999.

---

Timothy W. Gensmer, Sarasota, FL, for debtor Cher Lynn Gillette.

Davie B. McEwen, St. Petersburg, FL, for trustee Traci K. Strickland.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND MEMORANDUM OPINION REGARDING TRUSTEE'S OBJECTION TO CLAIMED EXEMPTION**

PAUL M. GLENN, Bankruptcy Judge.

**THIS CASE** came before the Court for final evidentiary hearing to consider the

Objection to Claimed Exemption filed by Traci K. Strickland, the chapter 7 trustee appointed in this case (the Trustee). The property at issue in this matter consists of a one-half interest in a Strong Money Market Account, a one-half interest in a Strong Short Term Bond Fund, and a one-half interest in a vehicle. The Debtor, Cher Lynn Gillette, asserts that she owns the property with her husband as tenants by the entireties, and that she may therefore claim the property as exempt under Florida law. The Trustee objects to the claim of exemptions, and asserts that the Debtor's entitlement to the exemption claimed for the Money Market Account and Bond Fund is governed by the law of either California or Wisconsin, rather than the law of Florida, and that the Debtor may not claim the exemption under applicable state law. Additionally, the Trustee contends that all of the elements required under Florida law to create a tenancy by the entirety are not present in this case.

### Background

The Debtor and her husband, Jean Michael Pujol (Pujol), were married in 1993. At the time of their marriage and for several years thereafter, the Debtor and Pujol were residents of California.

The Debtor and Pujol moved to Sarasota, Florida, in December of 1995.

On February 8, 1996, the Debtor and Pujol signed a Strong Funds Account Application. (Trustee's Exhibit No. 1). The completed Application contains the following information:

1. The account established pursuant to the application would be a "joint account," defined as an account held by "joint tenants with right of survivorship, unless otherwise specified." The Debtor was identified as the owner of the account, and Pujol was identified as the joint owner.

2. The mailing address for the Debtor was listed as 1370 Trancas Street, # 145, Napa, California.

3. The address for Strong Funds was reflected as P.O. Box 2936, Milwaukee, Wisconsin.

4. As the initial investment, the sum of $35,000 was to be deposited into a Money Market Fund, and the sum of $35,000 was to be deposited into a Short Term Bond Fund.

On February 8, 1996, the Debtor signed a check made payable to Strong Funds in the amount of $70,000. (Trustee's Exhibit No. 2). It appears that the check was written on an account owned by the Debtor and Pujol which was maintained at WestAmerica Bank in Fairfield, California. The notation on the check indicates that $35,000 of the total amount was for investment into the money market fund, and $35,000 was for investment into the short term bond fund.

On June 30, 1996, the Debtor signed an additional check made payable to Strong Funds in the amount of $20,000. (Trustee's Exhibit No. 2). This check was written on the same account owned by the Debtor and Pujol and maintained at WestAmerica Bank in California.

Neither the Debtor nor Pujol was domiciled in Wisconsin when the account was established or when the additional funds were contributed to the account.

The Debtor and Pujol received statements relating to the Strong Money Market Fund and the Strong Short Term Bond Fund for the 1996 calendar year and the 1997 calendar year. (Trustee's exhibit No. 3). The statements were sent to the Debtor and Pujol at their address in Sarasota. According to the statements, the business entity known as Strong Funds was located in Milwaukee, Wisconsin.

A series of approximately twenty checks was written on the Strong Money Market Fund commencing in August of 1996, and continuing through October of 1997. (Trustee's Exhibit No. 4). Two of the twenty checks were signed by both the Debtor and Pujol, and the remaining checks were signed only by the Debtor.

The checks reflect that they were written on the Strong Money Market Fund "payable through Firstar Bank Milwaukee, N.A. Milwaukee, WI."

The Debtor filed a petition under chapter 7 of the Bankruptcy Code on January 7, 1997. The Debtor was a resident of Florida when the petition was filed, and her residence and domicile had been in Florida for the one hundred and eighty days immediately preceding the filing of the petition.

On her "Schedule C—Property Claimed as Exempt" which was filed in the case, the Debtor listed various property as exempt under Florida law. As set forth above, the Trustee has objected to the exemption claimed for the Debtor's (1) "1/2 interest as JTE in 1991 Isuzu Amigo," (2) "1/2 interest as JTE in Strong Money Market Acct," and (3) "1/2 interest as JTE in Strong Short Term Bond Fund."

The Florida Vehicle Registration Certificate for the Isuzu reflects that the vehicle is titled in the names of "Pujol Jean Michel or Cher Gillette." (Trustee's Exhibit No. 5).

### Discussion

#### A. The Strong Funds

The Debtor claimed a one-half interest in the Strong Money Market Fund and the Strong Short Term Bond Fund as exempt on the basis of "Florida Law—Joint tenancy by the entirety." The Trustee asserts that Florida law does not apply to the disposition of the Strong Funds. Instead, the Trustee contends that the law of either California or Wisconsin governs the Debtor's entitlement to the claimed exemptions.

Section 522(b)(2) of the Bankruptcy Code provides:

**11 U.S.C. § 522. Exemptions**

.    .    .    .    .

(b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection. . . . Such property is—

(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,

(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180–day period than in any other place; *and*

(B) any interest in property in which the debtor had, immediately before the commencement of the case, *an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.*

(Emphasis supplied).

The Debtor was a resident of Florida when she filed the petition. Florida law provides that residents of Florida shall not be entitled to the federal exemptions provided in § 522(d). Fla.Stat. § 222.20. Residents of Florida may exempt property as authorized by § 522(b)(2)(A) and § 522(b)(2)(B) of the Bankruptcy Code.

██ The exemption authorized by § 522(b)(2)(B) relating to interests as a tenant by the entirety or joint tenant are cumulative to the exemptions under state or local law authorized by § 522(b)(2)(A). The cumulative nature of the exemptions is denoted by the inclusion of the word "and" between subsection (b)(2)(A) and subsection (b)(2)(B). *"In addition to* the state law exemption provided in Section 522(b)(2)(A), Debtor is *also* entitled under Section 522(b)(2)(B) to exclude from his bankruptcy estate" any interest in proper-

ty as a tenant by the entirety or joint tenant to the extent that such interest is exempt under applicable nonbankruptcy law. *In re Golub,* 80 B.R. 230, 232 (Bankr. M.D.Fla.1987) (Emphasis supplied).

Consequently, a debtor who is a Florida resident on the date that his petition is filed is entitled to claim as exempt not only (1) property that is exempt under state law pursuant to § 522(b)(2)(A), but also (2) property held as a tenant by the entirety or joint tenant to the extent that such property is exempt from process under applicable nonbankruptcy law pursuant to § 522(b)(2)(B).

For purposes of the claim of exemption under § 522(b)(2)(B), the court must determine whether the Debtor had an interest in the property as a tenant by the entirety or as a joint tenant, and the extent to which such interest is exempt from process under applicable nonbankruptcy law.

■ State law governs the determination of interests in property and the disposition of entireties or joint property. "Since there is no federal law of property, it is necessary to look to state law to determine the nature, extent, and effect of the debtor's interest in a tenancy by the entirety, and whether that interest is immune from the reach of creditors under the applicable law." *In re Anselmi,* 52 B.R. 479, 484 (Bankr.D.Wyo.1985).

One issue in this case centers on whether Florida state law, California state law, or Wisconsin state law applies to determine the Debtor's ownership interest in the account and is the applicable nonbankruptcy law contemplated by § 522(b)(2)(B) of the Bankruptcy Code. The Debtor has claimed the exemption under the law of Florida, the state in which she currently resides and the state in which she filed her chapter 7 petition. The Trustee contends that the applicable law should be either the law of California, where the Trustee contends that the Debtor resided when she

established the Strong accounts and where the money which funded the accounts originated, or the law of Wisconsin, where the accounts are maintained.

■ To resolve this issue, the Court should apply the choice of law rules of the state of Florida. This case is pending in Florida, which is the state of the Debtor's residence and domicile. "When faced with a true conflict of laws question, the first determination must be which state's choice of law rules are to be applied. Federal courts are bound by the choice of law rules of the forum state." *In re Goldstein,* 66 B.R. 909, 912 (Bankr.W.D.Pa.1986) (citing *Klaxon Co. v. Stentor Electric Manufacturing Company, Inc.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941), et al.).

■ Based on the choice of law rules of the state of Florida, the Court determines that the law of Wisconsin applies in this case because the funds maintained in the Debtor's Strong accounts are located in the state of Wisconsin.

Turning, then, to the applicable Florida conflict-of-laws rule, it is established in Florida, as well as throughout the country, that the disposition of a joint bank account, ... is governed by the law of the situs of the account, regardless of the domicile of any party to the account.

*Nahar v. Nahar,* 656 So.2d 225, 233 (Fla. 3d DCA 1995) (Hubbart, J., concurring in part, dissenting in part). In support of his position that, under Florida's choice of law rules, the law of the situs of a joint account controls the parties' rights in the account, Judge Hubbart cited *Seng v. Corns,* 58 So.2d 686 (Fla.1952), in which the Florida Supreme Court held that the law of Illinois governed the disposition of a joint bank account located in an Illinois bank, and *Lieberman v. Silverstein,* 393 So.2d 565 (Fla. 3d DCA 1981), in which the court held that the law of New York controlled the parties' rights as to two joint bank accounts located in New York.[1]

---

**1.** Florida has codified its choice of law rule as    that rule relates to deposit accounts in

This choice of law rule is consistent with other cases arising under § 522(b)(2)(B).

It indeed seems to be just as the Debtor's counsel argues: the situs of the asset that is held by a debtor in bankruptcy as a tenant by the entireties is the sole determinant of whether § 522(b)(2)(B) can protect it from the claims of the bankruptcy estate.

*In re Cochrane,* 178 B.R. 1011, 1020 (Bankr.D.Minn.1995). *See also In re Anselmi,* 52 B.R. 479 (Bankr.D.Wyo.1985).

In view of the foregoing, the Court determines in this case that the Debtor's ownership interest in the Strong Funds and the Debtor's entitlement to claim the funds as exempt must be determined under Wisconsin law. The entity known as Strong Funds is located in Wisconsin, the statements relating to the Money Market Fund and the Short Term Bond Fund were generated in Wisconsin, and the checks written on the money market fund were "payable through Firstar Bank Milwaukee, N.A." located in Milwaukee, Wisconsin. The Court concludes that the situs of the joint account is Wisconsin, and that the law of Wisconsin controls the parties' relative rights and duties with respect to the account.

No evidence was presented regarding whether the law of Wisconsin recognizes a form of ownership known as a tenancy by the entireties, or whether property owned in such a form is exempt from process under Wisconsin law. The parties suggested that Wisconsin is a community property state, and that the exemption therefore is not authorized under Wisconsin law.

In Wisconsin, all property of spouses is presumed to be marital property. Wis. Stat. § 766.31. It is the intent of the Wisconsin legislature that marital property is a form of community property. Wis.Stat. § 766.001(2). However, the provisions that the interests of spouses in property is marital property apply only to spouses domiciled in Wisconsin. Wis.Stat. §§ 766.03(1) and 766.01(5).

Other property interests are defined in Chapter 700 of the Wisconsin Statutes. Tenancies by the entireties do not exist in Wisconsin. *Aaby et al. v. Kaupanger et al.,* 197 Wis. 56, 221 N.W. 417 (1928). Interests in property may be owned concurrently by two or more persons as joint tenants or as tenants in common. Wis. Stat. § 700.17(1). Acquiring property as "joint tenants" or "with right of survivorship" constitutes an expression of intent to create a joint tenancy. Wis.Stat. § 700.19(1). A husband and wife are joint tenants if the marital property statutes do not apply when the property is acquired. Wis.Stat. § 700.19(2).

Each of two or more joint tenants has an equal interest in the whole property for the duration of the tenancy, irrespective of unequal contributions at its creation. Wis. Stat. § 700.17(2). A joint account in a financial institution belongs, during the lifetime of all parties, to the parties without regard to the proportion of their respective contributions to the sums on deposit and without regard to the number of signatures required for payment. Wis. Stat. § 705.03(1).

The Court concludes that the Debtor's interest in the Strong Funds is the interest of a joint tenant under Wisconsin law.

The Debtor's interest in the property may be exempt from the estate to the extent that the interest is exempt from process under applicable nonbankruptcy law. Whether the Debtor's interest in the joint account in Wisconsin is exempt from process is also determined by Wisconsin law.

It appears that the interest of a joint tenant is not exempt from process under Wisconsin law. It appears that the docketing of a judgment in Wisconsin becomes a lien upon the judgment debtor's

branches or offices of lending institutions within the state. *See* Fla.Stat. § 655.55.

interest in joint property at the time the judgment is docketed. *Musa v. Segelke & Kohlhaus Co.*, 224 Wis. 432, 272 N.W. 657, 658 (1937). It further appears that the issuance of execution on a judgment against one joint tenant operates as a legal severance of the joint tenancy, *Id.* at 659, and the judgment creditor may levy on the judgment debtor's interest in the joint property. *Id. See also* Francis M. Dougherty, Annotation, *Judgment Lien or Levy of Execution on One Joint Tenant's Share or Interest as Severing Joint Tenancy*, 51 A.L.R.4th 906 (1987).

■ Accordingly, the Trustee's objection to the Debtor's claim of exemption for the Strong Money Market Fund and the Strong Short Term Bond Fund should be sustained and the claimed exemption should be disallowed.

## B. The vehicle

■ The Debtor also claimed as exempt her one-half interest in an Isuzu Amigo. The Debtor asserts that she owns the vehicle with her husband as joint tenants by the entireties. The Trustee objected to the claimed exemption.

The Florida Vehicle Registration Certificate reflects that the vehicle is owned by "Pujol Jean Michel or Cher Gillette." (Trustee's Exhibit 5). This Registration is the only documentation in evidence regarding ownership of the vehicle.

Section 319.22 of the Florida Statutes provides in part:

**Title XXIII. Motor Vehicles**

**Chapter 319. Title Certificates**

319.22. Transfer of title

. . . . .

1. When a motor vehicle or mobile home is registered in the names of two or more persons as co-owners in the alternative by the use of the word "or," such vehicle shall be held in joint tenancy. . . . This provision shall apply even if the co-owners are husband and wife.

If a vehicle is registered in the name of a husband "or" a wife, this statute provides that they own the vehicle as joint tenants, and not as tenants by the entireties.

Courts have interpreted the statute to permit a creditor of one spouse to reach a vehicle that was titled in the name of the husband or the wife. In *Amsouth Bank of Florida v. Hepner*, 647 So.2d 907 (Fla. 1st DCA 1994), the issue was whether a married couple owned their automobile as joint tenants, or as tenants by the entireties. The court concluded that the husband and wife did not own the vehicle as tenants by the entireties.

Creation of an estate by the entirety in an automobile registered in Florida now requires not only an intention to create an estate by the entirety, but also registration in the names of husband and wife. This is because "the form of the estate [must] be consistent with entirety requirements." . . .

Extrinsic evidence cannot establish an estate by the entirety in a motor vehicle or mobile home where Florida title is held in the names of co-owners using the disjunctive "or."

*Amsouth Bank of Florida v. Hepner*, 647 So.2d at 910. See also *In re Brown*, 162 B.R. 616, 618 (Bankr.M.D.Fla.1993) ("Based on the unequivocal language of the statute, this Court is satisfied that the vehicles are held by the Debtor and Elnora Brown as joint tenants and not as tenants by the entireties.")

■ In this case, the vehicle registration reflects ownership by the Debtor "or" her husband. The Debtor and Pujol therefore own the vehicle as joint tenants, and not as tenants by the entireties. Because of this, the Debtor's interest as a joint tenant is not exempt from process in Florida, but is subject to execution and levy.

Therefore, the Debtor's interest in the vehicle cannot be claimed as exempt from the bankruptcy estate as an interest which is exempt pursuant to § 522(b)(2)(B), and

**852**

the Trustee's objection should be sustained as to the Isuzu Amigo.

Accordingly:

**IT IS ORDERED** that:

1. The Objection to Claimed Exemption filed by Traci K. Strickland, the chapter 7 trustee, is sustained as to the Debtor's interest in the Strong Money Market Account, the Debtor's interest in the Strong Short Term Bond Fund, and the Debtor's interest in the Isuzu Amigo.

2. The Debtor's interest in the Strong Money Market Account and the Debtor's interest in the Strong Short Term Bond Fund are determined to be property of the chapter 7 estate subject to administration by the chapter 7 trustee.

3. The Debtor's interest in the Isuzu Amigo, with the exception of any automobile exemption available to the Debtor pursuant to § 222.25 of the Florida Statutes, is determined to be property of the estate subject to administration by the chapter 7 trustee.